**CHARLES RIVER PARK "A",
INC., et al., Plaintiffs,**

v.

**The DEPARTMENT OF HOUSING &
URBAN DEVELOPMENT et al.,
Defendants.**

**Civ. A. No. 1861–72.**

United States District Court,
District of Columbia.

April 18, 1973.

Arthur I. Cantor, Morton W. Schomer, Brownstein, Zeidman & Schomer, Washington, D. C., for plaintiffs.

James F. McMullen, Leonard W. Belter, Arnold T. Aikens, Asst. U. S. Attys., Washington, D. C., Harold H. Titus, Jr., U. S. Atty., District of Columbia, for defendants.

ORDER

JUNE L. GREEN, District Judge.

This case is before the Court on defendants' Renewal of Motion to Dismiss. The Court had earlier ordered issuance of a preliminary injunction to preserve the status quo. Although plaintiffs have not formally filed a motion for permanent injunction, the parties have orally consented to entry of a final order on

---

the merits should the Court deny defendants' motion.

The Court has jurisdiction over the subject matter of this case and over defendants.

This suit apparently arose because third parties requested that the government disclose financial information concerning plaintiffs pursuant to the Freedom of Information Act, 5 U.S.C. § 552. Plaintiffs have argued that the legislative history of the Act shows that the Act's exemptions were intended to prohibit disclosure. See Plaintiffs' Memorandum in Opposition to Motion to Dismiss. . . . at 7–10. Defendants have argued in their pleadings that the Freedom of Information Act does not apply to this case and that the case is governed by other law, i. e., agency discretion:

"These exemptions [from disclosure under the Freedom of Information Act] are shelters from *required* disclosure; they do not foreclose disclosure. Government agencies are, accordingly, left free to disclose or to withhold records which are within the scope of the exemptions, unless otherwise restricted by different statutes". Government's Motion to Dismiss, at 4.[1]

At oral argument, however, the Government argued that the Freedom of Information Act requires disclosure. The Court disagrees with plaintiffs' contention that the Freedom of Information Act's exemptions were intended to prohibit disclosure. It also disagrees with defendants' contentions at oral argument that the Act requires disclosure. The Act was passed for the benefit of private parties seeking disclosure from the government. It neither prohibits nor authorizes disclosure in this case because it simply does not apply to this case, which is governed by other law.

In considering such other law, the Court begins by finding the financial information in question is confidential by its very nature. Disclosure could clearly harm plaintiffs vis-à-vis their competitors. In addition, the Court finds that the information was furnished with the implied understanding that it would remain confidential.

Accordingly, the Court finds that disclosure is unauthorized. Plaintiffs are entitled to a permanent injunction pursuant to 18 U.S.C. § 1905.[2] Moreover, disclosure by the defendants would constitute an abuse of agency discretion, and a permanent injunction may properly issue under the Court's equity powers. Finally, the Court finds that disclosure would be improper in that it would breach an implied promise of confidentiality.

Accordingly, it is by the Court, this 18th day of April 1973,

Ordered that defendants' Renewal of Motion to Dismiss should be and the same hereby is denied; and it is

Further ordered that defendants are permanently enjoined and restrained from disclosing, and from permitting any employees or agencies under their jurisdiction to disclose, to any person outside the Department of Housing and Urban Development any and all financial information supplied to defendants by the plaintiffs, including specifically the information contained in the Forms No. 2410 and related forms filed by plaintiffs with the defendants; except that this Order shall not prevent defendants from disclosing said information to such other agencies of the federal government as heretofore have been supplied with such information in the regular course of business; and it is

Further ordered that the $100.00 deposited by plaintiffs as security pursu-

---

1. This argument appears to concede that the information in question is confidential, since it is confidential information which is exempted or sheltered from required disclosure.

2. Plaintiffs have standing to invoke a criminal statute to effectuate the Congressional purpose. Wyandotte v. United States, 389 U.S. 191, 202, 88 S.Ct. 379, 19 L.Ed.2d 407 (1967).

ant to the Court's order of November 14, 1972, shall be returned to plaintiffs.

### JUDGMENT

Judgment in this case is hereby entered in favor of plaintiffs.