**Bryan S. McCOY, Jr., d/b/a Twinbrook Nursing Home, and Bryan S. McCoy, Jr., Inc., Plaintiffs,**

v.

**Caspar W. WEINBERGER, Secretary of Health, Education and Welfare, et al., Defendants.**

**Civ. A. No. C 74–311 L(A).**

United States District Court, W. D. Kentucky, Louisville Division.

Nov. 11, 1974.

---

Edward H. Stopher, Joseph E. Stopher, Louisville, Ky., for plaintiffs.

Richard Dennis, Stewart Bland, Asst. U. S. Attys., Louisville, Ky., for defendants.

Joseph M. Day, Louisville, Ky., for Blue Cross.

## MEMORANDUM OPINION

ALLEN, District Judge.

This action is submitted to the Court on the motions of the parties for summary judgment and on the motion of the defendant to dismiss. The undisputed facts show that the plaintiff is the owner and operator of Twinbrook Nursing Home. Pursuant to the Medicare Program, Twinbrook filed cost reports and cost report documents with the Department of Health, Education and Welfare, hereinafter referred to as HEW, for the calendar years 1970, 1971, 1972 and 1973. These cost reports contain income statements showing income received from Medicare, Medicaid and private payments, as well as balance sheets, profit and loss statements, statistics of occupancy and breakdowns of departmental costs. Up to this time, these reports have not been disclosed by HEW to any private person.

On July 22, 1974, the plaintiff received a letter which is referred to as "Exhibit A" in the pleading, which provides, in part:

"Disclosure of information to the public with respect to the Medicare pro-

gram has been governed by Section 1106 of the Social Security Act and the Freedom of Information Act. Intermediaries have been advised that the policies regarding the confidentiality of data, documents, and records secured, produced and maintained in the administration of the Medicare program have changed significantly in the past year. One of the most significant of these changes is the decision by the Commissioner of Social Security that, effective May 10, 1974, past period and future cost reports submitted by providers of services will be disclosed to the public upon request."

This letter is referred to as "Skilled Nursing Facility Provider Letter No. 106".

On July 30, 1974, plaintiff was notified by HEW that pursuant to Provider Letter No. 106 and pursuant to a request by William Riddle, Jr., Accountant for the Christian Church Home, the unaudited cost report for plaintiff's facility for the year ended December 31, 1973 would be mailed to him on August 7, 1974.

The Christian Church Home operates a skilled nursing facility in competition with Twinbrook. The 1973 unaudited cost report of the plaintiff is the work product of the proprietor and his accountant. The information contained in that cost report is not otherwise obtainable by the public. No regulation concerning disclosure of nursing facilities' financial reports to HEW has yet been published in the Federal Register.

Plaintiff seeks to enjoin on behalf of itself and all other nursing homes similarly situated the release of this information to a competitor, claiming that this release is in violation of 5 U.S.C. § 552 and of the regulations of HEW, and more specifically, 20 C.F.R. § 401.3(u) and 20 C.F.R. § 401.3(v), as well as being in violation of 42 U.S.C. § 1306.

The defendants take the position that on the other hand 5 U.S.C. § 552 gives no jurisdiction to district courts to enjoin the release of information, and that pursuant to 42 U.S.C. § 1306, the acts of HEW are nonreviewable by the court and are within the discretion of the Secretary of that organization. 5 U.S.C. § 552 does not by its explicit terms confer jurisdiction on a district court to entertain suits in which a furnisher of records is seeking to enjoin the agency from disclosing records. On the contrary the statute, 5 U.S.C. § 552(a)(3) is one of disclosure and states that:

> "On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."

■ As properly pointed out by District Judge June L. Green, the statute is a disclosure statute, see Charles River Park "A", Inc. v. Department of Housing and Urban Development, 360 F.Supp. 212 (D.C.D.Col.1973). However, as further pointed out by Judge Green and as made clear by the statute itself, the matter should not end there. 5 U.S.C. § 552(b)(4) provides that the statute does not apply to matters that are "trade secrets and commercial or financial information obtained from a person and privileged or confidential". Judge Green went on to hold that inasmuch as the information in question was confidential and the disclosure would clearly harm the plaintiffs vis-a-vis their competitors, and that there was an implied understanding between plaintiff and the agency that the information would not be released, disclosure would then constitute an abuse of agency discretion and should be enjoined pursuant to 18 U.S.C. § 1905.

This opinion is not fully consistent with Sears, Roebuck and Company v. General Services Administration et al., 384 F.Supp. 996 (D.C.D.Colo. filed Sept. 10, 1974). While Judge Bryant, who

decided *Sears*, agreed with Judge Green that the Freedom of Information Act, (F.O.I.A.), 5 U.S.C. § 552 et seq., does not confer jurisdiction upon district courts in cases by private parties seeking to prohibit disclosure, he went on to hold that 5 U.S.C. § 701 et seq., the Administrative Procedure Act, (A.P.A.), conferred jurisdiction upon the court to consider *Sears'* claim. In reaching this conclusion, Judge Bryant held that an agency decision to release data submitted to the agency by a private party is an "agency action", adversely affecting that private party and entitling that party to judicial review.

In Citizens to Preserve Overton Park, Inc. v. Volpe, Secretary of Transportation, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed. 2d 136 (1971), the Supreme Court held that A.P.A. and, more specifically, 5 U.S. C. § 701, provides that "the action of 'each authority of the Government of the United States,' which includes the Department of Transportation, is subject to judicial review, except where there is a statutory prohibition on review or where 'agency action is committed to agency discretion by law.'"

The Supreme Court then went on to state on p. 413, 91 S.Ct. on p. 822 that § 706 of the A.P.A., 5 U.S.C. § 706, provides "that a 'reviewing court shall . . . hold unlawful and set aside agency action, findings and conclusions found'" to be in excess of statutory jurisdiction, authority or limitations or short of statutory right. See 5 U.S.C. § 706(2)(C).

In the instant case, the Secretary of Health, Education and Welfare, as well as all other agency administrators of the Government, is forbidden to release "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(a)(4)(b)(4). In the case at bar, the information concerned is financial and the Court believes confidential. A lengthy discussion of the purposes of Congress in enacting this portion of 5 U.S.C. § 552 appears in the case of Na-

tional Parks and Conservation Association v. Morton, 498 F.2d 765 (D.C.Cir. 1974), particularly on pp. 767 through 770.

In the interest of brevity, this Court will only refer to the summarization contained on p. 770, which is to the effect that "commercial or financial matter is 'confidential' for purposes of the exemption if disclosure of the information is likely to have either of the following effects: (1) to impair the Government's ability to obtain necessary information in the future; or (2) to cause substantial harm to the competitive position of the person from whom the information was obtained." Here it is apparent that the release of the unaudited cost report of the plaintiff to one of its competitors would cause substantial harm to its competitive position.

A further reason exists for applying the A.P.A. to defendants' action which is that an agency of the Government may not act beyond the confines of its own regulations. See United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954); Service v. Dulles, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957); and Vitarelli v. Seaton, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959).

Here the regulations of HEW, 20 C.F.R. § 401.1 et seq. and, more particularly, § 401.3(u) of those regulations, provide that information concerning costs of operation and other pertinent information from the financial reports and other records of providers furnishing services pursuant to Title XVIII of the Act shall be disclosed only to those federal or state officers and employees administering federal programs or to Department of Defense officers and employees administering its Civilian Health and Medical Program of the Uniformed Services. These regulations are made pursuant to 42 U.S.C. § 1306 which provides in part that no disclosures of any file, record, report or other paper or any information obtained at any time

by the Secretary of Health, Education or Welfare shall be made except as the Secretary may by regulations prescribe.

■ Since the Secretary intends to act beyond the scope of his own regulations and in violation of the confidentiality exemption of 5 U.S.C. § 552 (b)(4), the Court has authority to restrain him and does so pursuant to 5 U.S.C. § 701–706 et seq., see Sears, Roebuck and Company v. General Services Administration et al., supra and National Parks and Conservation Association v. Morton, supra.

The Court has this day entered its summary judgment and permanent injunction enjoining the Secretary and the defendants from releasing the information which is the subject-matter of this suit to any persons, except those set out in 20 C.F.R. § 401.3(u).

## SUMMARY JUDGMENT AND PERMANENT INJUNCTION

This action having come on before the Court pursuant to the motions of the parties for summary judgment, and the motion of the defendants to dismiss, and the Court having entered its memorandum opinion,

It is ordered and adjudged that the plaintiffs' motion for summary judgment be and it is hereby sustained and the defendants' motions to dismiss or in the alternative for summary judgment are overruled.

It is further ordered and adjudged that each of the defendants, their agents, employees, servants, attorneys and all persons in privy with them be and they are hereby enjoined from releasing the 1973 cost report and/or cost report documents to any persons, except federal and state officers and employees administering federal programs or to Department of Defense officers and employees administering its Civilian Health and Medical Program of the Uniformed Services.

It is further ordered and adjudged that this is a final and appealable judgment and there is not just cause for delay.

## CLASS ACTION MEMORANDUM AND ORDER

■ Plaintiffs have requested the Court to certify this action as a class action pursuant to Rule 23(b)(1) and (b)(2), Federal Rules of Civil Procedure. The purported class is composed of all hospital and skilled nursing homes who have or will hereinafter file cost reports and cost report documents.

At the present time, apparently Twinbrook Nursing Home is the only skilled nursing home threatened with imminent disclosure of cost reports and that threat comes from a fellow nursing home. It is true that the Secretary of Health, Education and Welfare has stated to the Court that it plans to adopt new regulations which allow disclosure of reports such as the 1973 cost data report furnished to it by the plaintiff. However, as pointed out by the plaintiff, the Secretary has not as yet taken this step, and there do not appear to be any other skilled nursing homes who are in immediate danger of having their cost reports released to competitive nursing homes, or other members of the general public at this time.

Therefore, the Court believes that it would be inappropriate to sustain the motion for a class action, believing that the Secretary will, of course, follow the orders of the Court in this action, unless subsequently reversed by the United States Court of Appeals for the Sixth Circuit, and that he will refrain from disclosing other cost reports of other nursing homes to members of the general public or their competitors until such time as the Sixth Circuit Court of Appeals or the United States Supreme Court have ruled on the correctness of this Court's decision.

In conclusion, it is ordered that the motion of the plaintiffs for a class action certification is denied.