**BURROUGHS CORPORATION**

v.

**James SCHLESINGER, etc., et al.**

**Civ. A. No. 75–672–A.**

United States District Court,
E. D. Virginia,
Alexandria Division.

Oct. 24, 1975.

Fred C. Alexander, Jr., Alexandria, Va., Thomas L. Patten, Sellers, Conner & Cuneo, Washington, D. C., for plaintiff.

Joseph A. Fisher and Elsie M. Powell, Asst. U. S. Attys., Alexandria, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiff, Burroughs Corporation, brings this action under 5 U.S.C. § 552 and 18 U.S.C. § 1905 to enjoin threatened disclosure of certain information submitted by Burroughs in connection with an unsuccessful bid on a contract (Solicitation N-66032-74-0007) with the United States Department of the Navy Automatic Data Processing Equipment Selection Office (ADPESO). The information is sought by Sperry Rand-Univac, a competitor of Burroughs on this and other government contracts. Plaintiff maintains that disclosure of the requested data would allow its competitor to more accurately estimate Burroughs' bids on future procurements thereby giving the competitor an invaluable aid in preparing its own bids. Defendants Schlesinger and Middendorf are the two government officials ultimately responsible for the enforcement of the Freedom of Information Act (FOIA), 5 U.S.C. § 552, as it applies to the case at bar. Jurisdiction is attained pursuant to 28 U. S.C. § 1331 and 5 U.S.C. §§ 702, 703 and 706. The matter is before the Court on plaintiff's motion for preliminary and permanent injunction.

On August 22, 1975, Sperry-Univac requested certain information from AD-PESO under the Freedom of Information Act (FOIA). 5 U.S.C. § 552(a)(3).

This information related to pricing and discount practices used in Burroughs' unsuccessful bid to supply ADPESO with a "Large Scale Computer System for the Naval Air Technical Center, Millington, Tennessee." Solicitation N-66032-74-0007. The bid on the computer system reflected the prices and discounts on numerous component parts. ADPESO has treated Sperry-Univac's request as one for only the bottom line figure on the bid for the entire system. Thus, information concerning the individual components of the system is not threatened with disclosure. Burroughs informed ADPESO of its strenuous objection to the proposed disclosure but did not articulate any competitive disadvantages that would result. To prevent the scheduled releasing of the information, Burroughs sought and secured a Temporary Restraining Order under date of September 12, 1975.

The defendants argue that sovereign immunity precludes this action. The government's position is that FOIA only authorizes suits to compel, not prevent, disclosure, and to the extent this action is not authorized by the Act, it is an unconsented suit against the sovereign. In short, defendants contend that an agency's decision to disclose information is not subject to judicial review. This Court joins the growing number of courts to reject this proposition. *Charles River Park "A" Inc. v. Dep't. of Housing and Urban Development*, 171 U.S.App.D.C. 286, 519 F.2d 935 (1975); *Westinghouse Electric Corp. v. Schlesinger*, 392 F.Supp. 1246, 1248 (E.D.Va. 1974); *United States Steel Corp. v. Schlesinger*, C.A. No. 463-74-A (E.D. Va., Sept. 20, 1974); *McCoy v. Weinberger*, 386 F.Supp. 504, 507 (W.D. Ky.1974); *Hughes Aircraft Co. v. Schlesinger*, 384 F.Supp. 292, 294 (C.D. Cal.1974); *Sears Roebuck & Co. v. General Services Adm'n.*, 384 F.Supp. 996 (D.D.C.) stay denied 509 F.2d 527 (D.C. Cir. 1974). Plaintiff alleges that the threatened disclosure violates 18 U.S.C.

§ 1905;[1] 32 C.F.R. § 3.507–1;[2] 32 C.F.R. § 286.6 as amended in 40 Fed.Reg. 8190, 8192–93;[3] 32 C.F.R. § 1.329–3;[4] 40 Fed.Reg. 12776–12789 (March 21,

1. 18 U.S.C.A. § 1905 states in pertinent part:

> Whoever, being an . . . employee of the United States or of any department or agency thereof, publishes . . . discloses . . . to any extent not authorized by law any information coming to him in the course of his employment . . . . [any] report or record made to or filed with such department or agency, . . . which . . . relates to the trade secrets, processes, operations, style of work, or apparatus, or to the identity, confidential statistical data, amount or sources of any income, profits, losses, or expenditures of any . . . corporation . . . shall be fined not more than $1,000, or imprisoned not more than one year or both; and shall be removed from office or employment.

2. 32 C.F.R. § 3.507–1 states in pertinent part:

> (a) A proposal, whether solicited or unsolicited, may include data, such as a technical design or concept or financial and management plan, which the offeror does not want disclosed to the public for any purpose or used by the Government for any purpose other than evaluation of the proposal.
>
> . . .
>
> Those portions of the proposal and data which are so marked (except for information which is also obtained from another source without restriction shall be used only to evaluate the proposal and shall not be disclosed outside the Government without the written permission of the offeror. . . .)

3. 32 C.F.R. § 286.6 as amended in 40 Fed. Reg. 8190, 8192–93 states in pertinent part:

> (c) The following types of records may be withheld in whole or in part from public disclosure unless otherwise prescribed by law: . . .
>
> (4) Those containing trade secrets or commercial or financial information which a component receives from a person with the understanding that it will be retained on a privileged or confidential basis in accordance with customary handling of such records. Such records are those the disclosure of which would cause substantial harm to the competitive position of the person providing the information; impair the Government's ability to obtain necessary information in the future; or impair some other legitimate governmental interest. Examples include records which contain:
>
> (i) Commercial or financial information received in confidence in connection with loans, bids, contracts, or proposals, as well as other information received in confidence or privileged, such as trade secrets, inventions and discoveries, or other proprietary data.
>
> (ii) Statistical data and commercial or financial information concerning contract performance, income, profits, losses and expenditures, if offered and received in confidence from a contractor or potential contractor. . . .

4. 32 C.F.R. § 1.329–3 exempts from forced disclosure the following:

> (4) *Matters that are "trade secrets and commercial or financial information obtained from a person and privileged or confidential."*
>
> (i) This exemption covers documents containing information which is customarily privileged or confidential and is released to the Government on that basis by an individual, private or public organization, State or local government, foreign government, or international organization. . . . It may encompass business statistics, inventory and customer lists, scientific and manufacturing processes and developments, and trade secrets. Such information is generally received in confidence in connection with the receipt of bids and proposals, solicited or unsolicited, and in the course of negotiations. It would also include statistical data or information concerning contract performance, income, profits, losses, and expenditures received from contractors or potential contractors.
>
> (ii) . . . The following are examples of documents which would normally be exempt under this provision: Cost and pricing data submitted by contractors, as described in § 3.807 of this chapter; documents or data appropriate for renegotiation purposes; price analyses based on contractor submitted data (see e. g. § 3.811 of this chapter); documents supporting advance and progress payments; documents received from contractors relating to compliance with labor policies (e. g., records of compliance checks; payrolls or certified excerpts); settlement proposals, rejected engineering change proposals, invention reports of disclosures and value engineering proposals.

1975).[5] Thus, plaintiff merely seeks to enjoin actions of federal officials which are allegedly beyond their statutory powers. See *Dugan v. Rank*, 372 U.S. 609, 621, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); *Westinghouse Electric Corp. v. Schlesinger*, 392 F.Supp. at 1248 (E.D. Va.1974). Moreover, the relief sought would not expend itself on the public treasury or substantially interfere with the administration of government. See *Larson v. Domestic & Foreign Corp.*, 337 U.S. 682, 704, 69 S.Ct. 1457, 93 L. Ed. 1628 (1949); *Land v. Dollar*, 330 U.S. 731, 738, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947). Consequently, sovereign immunity does not bar this action.

■■ To the extent this action constitutes a review of ADPESO's decision to release the information, jurisdiction is proper under 5 U.S.C. §§ 702, 706, 706(2). *Charles River Park "A", Inc. v. H.U.D.*, 519 F.2d 935 (D.C.Cir. 1975); *Sears Roebuck & Co. v. General Services Admin.*, 384 F.Supp. 996 (D.D.C.1974). Plaintiff also seeks to enjoin alleged violation of 18 U.S.C. § 1905, 5 U.S.C. § 552(b)(4) and several agency regulations. Thus, jurisdiction exists under 28 U.S.C. § 1331 as the injury sought to be prevented has been sufficiently alleged to be in excess of ten thousand dollars and the action arises under federal statutes. *Westinghouse Electric Corp. v. Schlesinger, supra*, 392 F.Supp.

1246, 1248 (E.D.Va.1974); *Hughes Aircraft Co. v. Schlesinger, supra*, 384 F. Supp. 292 (C.D.Cal.1974).

■ Plaintiff seeks to enjoin the disclosing of any and all pricing and discount information. As only one item is threatened with disclosure, this is more relief than the Court believes is warranted. See *Westinghouse Electric Corp. v. Schlesinger*, 392 F.Supp. 1246, 1251 (E.D.Va.1974). Defendants maintain that they intend to release only one document. That document, inspected by the Court *en camera*, is a Recap Table that summarizes Burroughs' price proposals by installation location and is broken down into the various methods of acquisition, e.g. Lease, Purchase, Lease with Purchase Option. The summary does not reveal the identity of the price of the discount offered for any of the approximately two hundred components which make up the computer system. The table, then, is the bottom line figure of a complex bid. Defendants agree with Burroughs that release of information relating to the components of the bid would substantially harm Burroughs' competitive position and have agreed not to disclose this information. Defendants' position is that they are required to disclose the bottom line figure under 5 U.S.C. § 552(a)(3). Plaintiff, on the other hand, contends that this information is exempt from disclosure by 5 U. S.C. § 552(b)(4).[6]

---

5. Department of the Navy regulations found in 40 Fed.Reg. 12782–83 (March 21, 1975) state:

> The following types of matters may be withheld from public disclosure unless otherwise prescribed by law:
>
> .  .  .  .  .
>
> (d) *"Exemption 4" Matters*. Those containing trade secrets of commercial or financial information which a component receives with the understanding that it will be retained on a privileged or confidential basis in accordance with the customary handling of such records, particularly when release would adversely affect the competitive position of the source of the information. Such records include those which contain:

(1) Commercial and financial information received in confidence in connection with loans, bids, contracts, or proposals, as well as other information received in confidence or privileged, such as trade secrets, inventions and discoveries, or other proprietary data.

(2) Statistical data and commercial or financial information concerning contract performance, income, profits, losses, and expenditures, if offered and received in confidence from a contractor or potential contractor.

6. 5 U.S.C. § 552(b)(4):
(b) This section [requiring disclosure] does not apply to matters that are
.  .  .

■■ The initial issue to be resolved is whether the data ADPESO intends to release lies within the (b)(4) exemption. In short, whether the bottom line figure on a bid constitutes "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4). To come within this provision, information must (a) be commercial or confidential; (b) be obtained from a person, and (c) be confidential or privileged. *National Park and Conservation Ass'n. v. Morton*, 498 F.2d 765, 766 (D.C.Cir. 1974); *Getman v. NLRB*, 450 F. 2d 670, 673 (D.C.Cir. 1971). There is no dispute that the information in question here is commercial or financial and was obtained from Burroughs. The only issue is whether it is confidential or privileged. The Court is satisfied that Burroughs viewed the data as confidential at the time it submitted the bid. Plaintiff's proposal was marked with a restrictive legend authorized by regulations which state that "[t]hose portions of the proposal and data which are so marked . . . shall be used only to evaluate the proposal and shall not be disclosed outside the Government without written permission of the offerer." 32 C.F.R. § 3.507–1. This alone, of course, is not determinative of the issue as a regulation must be consistent with the mandate of the FOIA. *Robles v. EPA*, 484 F.2d 843 (4th Cir. 1973); *Petkas v. Staats*, 501 F.2d 887 (D.C.Cir. 1974). The leading case on defining the scope of the (b)(4) exemption is *National Parks and Conservation Ass'n. v. Morton, supra*, 498 F.2d 765 (D.C.Cir. 1974). After a detailed examination of the legislative history of the Act, the Court concluded that a commercial matter is confidential if its disclosure would either (1) impair the Government's ability to obtain necessary information in the future or (2) cause substantial harm to the competitive position of the person from whom the information was obtained. *National Parks and Conservation Ass'n. v. Morton, supra*, at 770, accord *McCoy v. Weinburger*, 386 F.Supp. 504 (W.D.Ky.1974); *Westinghouse Electric Corp. v. Schlesinger*, 392 F.Supp. 1246 (E.D.Va.1974). As ADPESO is willing to disclose the information, there presumably will be no impairment of governmental functions. Plaintiff's claim for exemption, then, rests entirely on its establishing that disclosure will result in substantial competitive harm.

■ It appears to the Court that this aspect of the case is not yet ripe for final disposition. The only evidence before the Court are three affidavits that pertain largely to information not threatened with disclosure. There is very little evidence as to the substantial harm that may result from public disclosure of the Recap Table. The Circuit Court for the District of Columbia has suggested that a District Court hold appropriate hearings whenever evidence is insufficient on the issue of substantial harm. *Charles River Park "A", Inc. v. H.U.D., supra*, 519 F.2d at 940, 943–944 (D.C.Cir. 1975). This suggestion is well taken. The defendants, in the meantime, shall remain enjoined from disclosing the Recap Table pending a final decision after such hearings are held.[7]

An appropriate order shall issue.

---

(4) trade secrets and commercial or financial information obtained from a person and privileged or confidential.

7. The Court's disposition in this case renders it premature to determine whether material falling within the (b)(4) exemption from forced disclosure may nonetheless be disclosed by an agency. Compare *Charles River Park "A", Inc.* v. *HUD*, 519 F.2d 935 (D.C.Cir. 1975) and K. Davis, *Administra-* *tive Law Treatise*, § 3A5 (1970 Supp.) with *Continental Oil Co* v. *FPC*, 519 F.2d 31 (5th Cir. 1975); *Westinghouse Electric Corp. v. Schlesinger*, 392 F.Supp. 246, 249 (E.D.Va. 1974) and *Neal-Cooper Grain Co.* v. *Kissinger*, 385 F.Supp. 769, 775 (D.D.C.1974). This issue also was not adequately developed. Similarly, it is premature at this point to inquire as to whether 18 U.S.C. § 1905 precluded the threatened disclosure.