PARKRIDGE HOSPITAL, INC., Plaintiff,

v.

BLUE CROSS AND BLUE SHIELD OF TENNESSEE, and Joseph A. Califano, Jr., Secretary of Health, Education and Welfare, Defendants.

No. CIV-1-77-85.

United States District Court,
E. D. Tennessee, S. D.

April 15, 1977.

Stophel, Caldwell & Heggie, Chattanooga, Tenn., for plaintiff.

Ray Ledford, Asst. U. S. Atty., Chattanooga, Tenn., for defendants.

## MEMORANDUM

FRANK W. WILSON, Chief Judge.

This is an action in which the plaintiff, Parkridge Hospital, Inc. (Parkridge), seeks to obtain both a temporary and a permanent injunction restraining the defendant, Blue Cross and Blue Shield of Tennessee (Blue Cross), from disclosing to third parties certain alleged confidential financial information contained in reports filed by Parkridge pursuant to the Federal Medicare Program. Federal question jurisdiction is alleged to exist pursuant to 28 U.S.C. § 1331. Jurisdiction is. also alleged to exist pursuant to the Freedom of Information Act (5 U.S.C. § 552) and pursuant to the Administrative Procedure Act (5 U.S.C. §§ 701 *et seq.*). The Secretary of Health, Education and Welfare (HEW) has moved to intervene on behalf of Blue Cross as being the real party in interest. That motion was unopposed and has been granted by the court. Upon allowance of the motion to intervene, HEW filed a motion seeking to have the lawsuit dismissed for alleged lack of jurisdiction and alleged failure of the complaint to state a cause of action.

The case is accordingly now before the court upon the plaintiff's motion for a temporary injunction and upon the defendants' motion to dismiss.

An evidentiary hearing was held upon April 4, 1977, upon the plaintiff's motion for a temporary injunction. At the conclusion of that hearing the court issued an order temporarily restraining the defendants from disclosing the information in question pending resolution of the plaintiff's motion for a preliminary injunction.

Upon the present state of the record the following facts appear to be undisputed. Parkridge is a provider of services under the "Medicare" Program of Title XVIII of the Social Security Act, 48 U.S.C. §§ 1395 *et seq.* Blue Cross is a financial intermediary engaged in the administration of the "Medicare" Program under contract with HEW.

Parkridge has heretofore submitted to Blue Cross a certain "Provider Cost Report" covering its operations for the period from April 1, 1975 through March 31, 1976 (*See* Sealed Exhibit ¶ 1). This report was filed pursuant to HEW regulation [20 C.F.R. § 405.406(b)], the filing of such report being required of all hospital and medical facilities providing services under the "Medicare" Program. The purpose of such reports is to enable HEW, through its fiscal agents, to determine the reasonable cost of furnishing health care services to "Medicare" beneficiaries [42 U.S.C. § 1395f(b)]. Under date of March 11, 1977, Blue Cross received a request from a third party for the release and disclosure of the cost reports submitted by certain named hospitals, including Parkridge. It thereupon gave notice to Parkridge that it would release the report on or before April 6, 1977, with the result that this action was initiated by Parkridge in an effort to restrain release of the report.

At the evidentiary hearing representatives of the plaintiff testified that Parkridge is a subsidiary of a hospital management corporation which manages some 80 hospitals in 21 states; that the information required to be included in the cost report submitted by Parkridge to Blue Cross includes statistical data, operating expenses, cost schedules, apportionment formulae, balance sheets, profit and loss statements and other financial information; that this information is highly confidential and that the release of the information to competitors of Parkridge would be very detrimental to the ability of Parkridge to conduct its business, including its non-Medicare business, in a successful manner and would impair Parkridge's ability to maintain its own pricing policies and to compete. The witnesses contended that release of the information would cause Parkridge irreparable harm. It was conceded by the plaintiff's witnesses that the report in issue contained no information other than that required by law or regulation. The foregoing testimony was undisputed, the defendants having introduced no evidence.

Upon this state of the record the plaintiff contends that disclosure of the report would disclose confidential financial information to third parties, would disclose its management techniques and would be destructive of its competitive status. The plaintiff further contends that the HEW regulation (20 C.F.R. § 422.435) purporting to require disclosure of the subject Provider Cost Report is invalid in that it was promulgated in violation of statutory authority, including provisions of the Administrative Procedure Act (5 U.S.C. § 706).

The defendants upon the other hand contend that the court is without jurisdiction in the lawsuit and that the HEW regulation mandating disclosure of the report is in all respects a valid and lawful regulation. The defendants have accordingly moved to dismiss the complaint.

*Jurisdiction*

■ Taking up first the jurisdictional issue, as previously noted, the complaint purports to allege federal question jurisdiction under 28 U.S.C. § 1331 as well as jurisdiction under the Freedom of Information Act (5 U.S.C. § 552) and under the Administrative Procedure Act (5 U.S.C. §§ 701 *et seq.*). All three of the jurisdictional statutes alleged in the complaint have support in case law. Jurisdiction over this type of action has been found pursuant to 28 U.S.C. § 1331. *See Westinghouse Electric Corp. v. Schlesinger,* 392 F.Supp. 1246 (D.C.Va. 1974). Jurisdiction has also been found pursuant to 5 U.S.C. §§ 701 *et seq.*, the Administrative Procedure Act (APA). *See Charles River Park "A", Inc. v. Dept. of H & UD,* 171 U.S.App.D.C. 286, 519 F.2d 935 (1975). Jurisdiction has also been found under 5 U.S.C. § 552, the Freedom of Information Act (FOIA). *See McCoy v. Weinberger,* 386 F.Supp. 504 (W.D.Ky.1974). The FOIA, however, is a disclosure statute and does not by its explicit terms confer jurisdiction over an action seeking to prevent disclosure.

■ The primary focus of this action is to review the defendants' decision to release certain information. This is the type of

agency action for which review is allowable under the APA. A specific statutory provision regarding jurisdiction should be given priority over the generalized federal question statute. *Babcock & Wilcox Co. v. Rumsfield,* 70 F.R.D. 595 (N.D.Ohio 1976). The court is accordingly of the opinion that the proper basis for jurisdiction over this action is the APA (5 U.S.C. §§ 701 *et seq.*).

### *Validity of HEW Regulation*

### (29 C.F.R. § 422.435)

The resolution of the issues presently before the court will depend upon the validity or invalidity of § 422.435 of 29 C.F.R. as that regulation relates to the particular report here involved. The relevant portions of the regulation are as follows:

"The following shall be made available to the public under the conditions specified:

\*    \*    \*    \*    \*    \*

"(c) Upon a request in writing, cost reports submitted by providers of services pursuant to section 1815 of the Act to enable the Secretary to determine amounts due such providers."

■ The foregoing regulation being an administrative agency regulation, the validity of the regulation is dependent upon whether it complies with the requirements of the APA. The relevant portions of that statute, as set forth in 5 U.S.C. § 706, are as follows:

"To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—

\*    \*    \*    \*    \*    \*

"(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

"(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

\*    \*    \*    \*    \*    \*

"(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; \*    \*    \*"

Considering the foregoing requirements for the validity of agency action in reverse order of that stated in the statute, this court must first determine whether the HEW regulation here involved, as it relates to the report the disclosure of which is sought to be enjoined, is "in excess of statutory . . . limitations, or short of statutory right."

The initial statutory authority relied upon by the government in support of the validity of the HEW regulation here involved is the FOIA. In fact, 20 C.F.R. § 422.401 states that "the regulations in this subpart relate to the availability to the public, pursuant to 5 U.S.C. § 552, of records of the Social Security Administration and its components."

■ The FOIA provides that government agencies shall make identifiable records available to the public on request. However, there are exceptions from this requirement of disclosure. In section 552(b)(4) of Title 5 U.S.C. it is stated that:

"(b) This section does not apply to matters that are—

\*    \*    \*    \*    \*    \*

(4) trade secrets and commercial or financial information obtained from a person and privileged or confidential."

The most widely accepted criteria for determining whether information falls within this exemption is set out in the case of *Charles River Park "A", Inc. v. Dept. of H & UD,* 171 U.S.App.D.C. 286, 519 F.2d 935, 940 (1975) as follows:

"Commercial or financial matter is confidential for purposes of the exemption if disclosure of the information is likely to have either of the following effects: (1) to impair the government's ability to obtain necessary information in the future or (2) to cause substantial harm to the competitive position of the person from whom the information was obtained."

Upon consideration of the allegations of the complaint as well as the testimony given at

the evidentiary hearing in this lawsuit, the court is of the opinion that the complaint alleges and the evidence shows that the release of the information included in the Provider Cost Report would cause substantial harm to the competitive position of the plaintiff, Parkridge. Therefore, the information in question falls within the exemption and disclosure is not required under the FOIA.

Since the subject regulation purports to find its statutory authority in the FOIA and since the report here proposed to be disclosed falls within the exemption of that statute, the issue presents itself as to whether the HEW regulation is in excess of the statutory authority contained in the FOIA to the extent that it purports to apply to exempt information. This issue was decided as follows in the *Charles River Park* case, *supra,* at page 942 where the court stated:

> "If . . . this information falls within the fourth exemption, the FOIA does not apply to it because the language of the FOIA clearly provides that the Act 'does not apply to matters' that fall within an exemption. 5 U.S.C. § 552(b) . . . The legislative history suggests that the FOIA is neutral with respect to exempt information; it neither authorizes nor prohibits the disclosure of such information. There is no indication in the FOIA that suggests Congress intended to authorize the promulgation of regulations concerning exempt information under the FOIA. . . . The release of this information cannot be justified by regulations based on the FOIA."

■ Finding itself in accord with the foregoing, this court is of the opinion that the FOIA does not authorize promulgation of the HEW regulation here involved insofar as that regulation pertains to the disclosure of information exempted from disclosure by the FOIA.

■ However, the conclusion that disclosure may not be mandated by the FOIA does not resolve the issue of whether the HEW may, by regulation or otherwise, provide for the voluntary release of the infor-mation. As pointed out by the defendants, the FOIA contains no provision forbidding disclosure. While the exemptions protect against required disclosure, they do not protect against voluntary disclosure by an agency. As stated in the *Charles River Park* case, *supra:*

> "The basic purpose of the FOIA is to promote disclosure of information; acceptance of [plaintiff's] argument would be to subvert that purpose. . . . It [is] clear that the Act is not to be interpreted in any way as a restriction on government disclosure." 519 F.2d 935 at 941.

■ This court accordingly concludes that HEW is not precluded by the exemption provisions of the FOIA from providing by regulation or otherwise for the voluntary disclosure by the agency of the Medicare report here involved. To the extent that statutory authority may be required for the making of such a regulation, that authority may be located at section 1306 of Title 42 U.S.C. Although section 1306 is basically a non-disclosure statute, it does conclude with the general provision " . . . except as the Secretary of Health, Education and Welfare . . . may by regulations prescribe . . . ."

■ This court accordingly concludes that the regulation here involved (29 C.F.R. § 422.435) is not "in excess of statutory . . . limitations or short of statutory right" under the provisions of section 706(2)(C) of the APA [5 U.S.C. § 706(2)(C)].

It next becomes necessary to test the validity of the regulation under the provisions of section 706(2)(A) of the APA. That subsection provides that an agency regulation may be adjudged invalid if it is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." In this connection the plaintiff contends that the subject regulation is invalid as being an abuse of discretion on the part of HEW in that the regulation is in derogation of 18 U.S.C. § 1905, a criminal statute which makes it illegal for any employee of a governmental agency to disclose

" . . . to any extent not authorized by law any information coming to him in the course of his employment or official duties . . . or (any) report or record made to or filed with such department . . . which information concerns or relates to the trade secrets . . operations . . . or . . . confidential statistical data, amount or source of any income, profits, losses or expenditures of any . . . corporation."

 The court is of the opinion that the regulation is in derogation of section 1905 and that the Secretary does not have authority to promulgate a regulation which limits the scope of section 1905 of Title 18 U.S.C. *See Babcock & Wilcox Co. v. Rumsfield,* 70 F.R.D. 595, 601 (N.D.Ohio 1976); *Charles River Park "A", Inc. v. Dept. of H & UD, supra,* at 942–43. The Court is accordingly of the opinion that it would be an abuse of discretion for HEW to promulgate a regulation which authorizes release of information in violation of section 1905 and that such a regulation would accordingly be invalid under section 706(2)(A) of Title 5 U.S.C.

HEW contends that section 1905 is not applicable in this case because the HEW regulation permits disclosure of the information and therefore the disclosure is "authorized by law". This contention begs the very question before the court, for the issue before the court is whether the regulation is in derogation of section 1905 and thus whether the regulation is lawful as it pertains to the information here proposed to be disclosed. Having concluded that the regulation is not authorized by the FOIA and having further concluded that the regulation is in derogation of the provisions of section 1905, the court is of the opinion that the regulation constitutes an abuse of discretion and is therefore invalid as it relates to the particular information here proposed to be disclosed.

An order will accordingly enter denying the defendants' motion to dismiss and granting the plaintiff's motion for a temporary injunction. To the extent that any further evidentiary proceedings may be deemed necessary or appropriate by either party to this lawsuit, the final trial of the case upon its merits should be expedited. Accordingly, a pretrial conference will be scheduled in the immediate future to resolve these matters.