**WESTCHESTER GENERAL HOSPITAL, INC., Plaintiff,**

v.

**DEPARTMENT OF HEALTH, EDUCATION & WELFARE et al., Defendants.**

No. 77–364–Civ–J–T.

United States District Court, M. D. Florida, Jacksonville Division.

June 27, 1977.

**436**

Peter L. Dearing, Mahoney, Hadlow & Adams, Jacksonville, Fla., Robert H. Neuman, Washington, D. C., for plaintiff.

Ernst D. Mueller, Asst. U. S. Atty., Jacksonville, Fla., for defendants.

## OPINION

CHARLES R. SCOTT, District Judge.

Plaintiff has moved for a preliminary injunction which the Court referred to the Unted States Magistrate for hearing, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Plaintiff and defendants have entered into a stipulation by which they agreed to waive their right under § 636(b)(1)(C) to a ten-day period within which to file objections to the Magistrate's findings and recommendation.

After reviewing the Magistrate's findings, conclusions and recommendation, the Court finds them to be neither clearly erroneous nor contrary to law. The Court therefore expressly approves them and adopts them as its own for issuing a preliminary injunction.

## FINDINGS AND RECOMMENDATION

HARVEY E. SCHLESINGER, United States Magistrate.

Plaintiff Westchester General Hospital, Inc., owns and operates a one hundred-bed proprietary general care hospital in Miami, Florida, known as Westchester General Hospital. On May 9, 1977, plaintiff brought this action against defendants United States Department of Health, Education and Welfare (HEW), Joseph A. Califano, Jr., Secretary of Health, Education and Welfare (the Secretary), and Blue Cross of Florida, Inc. (Blue Cross), for declaratory and injunctive relief. On June 2, 1977, plaintiff filed a motion for a preliminary injunction. This case is before the Court on that motion.

Plaintiff alleges the following facts. HEW and the Secretary are responsible for administering the federal program of health insurance for the aged and disabled, known as "Medicare".[1] Plaintiff is a pro-

---

1. The Medicare program was established in 1965 under Title XVIII of the Social Security Act, 42 U.S.C. § 1395 *et seq.*

vider of health care services to Medicare beneficiaries in the Miami metropolitan area. HEW, through its fiscal intermediary, defendant Blue Cross,[2] reimburses plaintiff for expenses it incurs in providing Medicare services. Plaintiff is required to submit cost reports to Blue Cross annually.[3] The cost reports are submitted on forms prescribed by defendants and include a detailed breakdown and departmental allocation of plaintiff's costs and revenues for the preceding fiscal year. Blue Cross has in its possession plaintiff's 1975 Cost Report. In April 1977, a reporter for the National Enquirer requested that Blue Cross disclose plaintiff's 1975 Cost Report. On May 2, 1977, plaintiff was informed that Blue Cross would disclose the report on or about May 9. Plaintiff faces competition from numerous health care institutions in its service area, including at least sixteen hospitals. The information contained in plaintiff's 1975 Cost Report is confidential commercial and financial information, disclosure of which would cause substantial harm to plaintiff's competitive position.

Plaintiff contends that the 1975 Medicare Cost Report which it submitted to Blue Cross is exempted from required disclosure under the Freedom of Information Act (FOIA) within the meaning of 5 U.S.C. § 552(b)(4),[4] and that disclosure of the report would violate 18 U.S.C. § 1905.[5] Once the cost report is released, plaintiff argues, the injury to plaintiff will be complete and irreparable; because the harm which will be done to its competitive position cannot be satisfactorily measured in money damages, plaintiff has no adequate remedy at law. Hence, plaintiff concludes, disclosure of the cost report should be enjoined pending resolution of the controversy on the merits.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *See Westinghouse Electric Corp. v. Schlesinger,* 542 F.2d 1190, 1209 (4th Cir. 1976), *cert. denied, Brown v. Westinghouse Electric Corp.,* —— U.S. ——, 97 S.Ct. 2199, 53 L.Ed.2d 239 (1977); *Chrysler Corp. v. Schlesinger,* 412 F.Supp. 171, 174 (D.Del. 1976); *Burroughs Corp. v. Schlesinger,* 403 F.Supp. 633, 634 (E.D.Va.1975).

From a consideration of the pleadings, affidavits, and testimony, and from an in camera inspection of plaintiff's 1975 Cost Report, I find that examination or analysis of plaintiff's 1975 Cost Report would reveal the following information: a detailed breakdown and departmental allocation of Westchester General Hospital's income and expenditures for the preceding fiscal year; identity and financial interest of one of plaintiff's owners; expenditures for contracted services; costs of acquisition or depreciation of plaintiff's capital assets; revenues from disposal of plaintiff's capital assets; cost of professional services rendered

---

**2.** See 42 U.S.C. 1395h. Blue Cross administers the Medicare program in Florida.

**3.** The requirement is established by 42 U.S.C. 1395g; 20 C.F.R. §§ 405.406(b), 405.453(f).

**4.** The Freedom of Information Act is located at 5 U.S.C. § 552. Section 552(a)(3) provides that, in general, identifiable records shall be made available to the public on request. Section 552(b)(4) provides as follows:
"(b) This section (5 U.S.C. § 552) does not apply to matters that are—
    (4) trade secrets and commercial or financial information obtained from a person and privileged or confidential."

**5.** 18 U.S.C. § 1905 provides:
"Whoever, being an officer or employee of the United States or of any department or agency thereof, publishes, divulges, discloses, or makes known in any manner or to any extent not authorized by law any information coming to him in the course of his employment or official duties or by reason of any examination or investigation made by, or return, report or record made to or filed with, such department or agency or officer or employee thereof, which information concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the identity, confidential statistical data, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or association; or permits any income return or copy thereof or any book containing any abstract or particulars thereof to be seen or examined by any person except as provided by law; shall be fined not more than $1,000, or imprisoned not more than one year, or both; and shall be removed from office or employment."

by hospital-based physicians in the fields of nuclear medicine, radiology, pathology, and cardiology (including average salary of hospital-based physicians in those fields); departmental salary (seventeen departments) and other direct departmental costs; average departmental salary; allocation of indirect costs by department; average costs experienced by certain special cost centers, namely, x-ray, laboratory, pathology, cost of drugs sold; departmental patient revenues (twenty-eight departments) and operating expenses (twenty-two departments); investment and other non-patient income (e. g., gift shop, meals sold to employees and guests, rental of non-patient facilities); monthly return on equity capital; and plant expansion allocations.

■ In order to obtain preliminary injunctive relief, a plaintiff must satisfy each of four criteria:

1. Irreparable injury because of the unavailability of an adequate remedy at law;

2. Substantial likelihood of success on the merits;

3. Threatened injury to the plaintiff outweighs any possible harm to the defendant;

4. Granting a preliminary injunction will not disserve the public interest.

*Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local 70*, 415 U.S. 423, 441, 94 S.Ct. 1113, 1125, 39 L.Ed.2d 435, 451 (1974); *Sampson v. Murray*, 415 U.S. 61, 84 n. 53, 94 S.Ct. 937, 950, 39 L.Ed.2d 166, 183 n. 53 (1974); *Canal Authority of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974); *Jets Services, Inc. v. Hoffman*, 420 F.Supp. 1300 (M.D.Fla. 1976). For the reasons which follow, I conclude that plaintiff has met each of these criteria.

**6.** 20 C.F.R. § 422.435 provides in part as follows:

"The following shall be made available to the public under the conditions specified: . . .

## I. Success on the Merits

Plaintiff seeks to enjoin disclosure of its 1975 Medicare Cost Report. As a fiscal intermediary of HEW, Blue Cross has the authority to disclose plaintiff's Cost Report only by virtue of 20 C.F.R. § 422.435, a regulation promulgated by the Secretary which requires disclosure of Medicare cost reports upon written request.[6] Thus, plaintiff's action is an attack upon the validity of 20 C.F.R. § 422.435.

■ Plaintiff contends, first, that § 422.435 is invalid because it requires the disclosure of information which is exempt from disclosure under the Freedom of Information Act within the meaning of 5 U.S.C. § 552(b)(4). The Freedom of Information Act was enacted by Congress in 1966. Its purpose is to make agency records more accessible to the public. *Renegotiation Board v. Bannercraft Clothing Co.*, 415 U.S. 1, 17, 94 S.Ct. 1028, 1037, 39 L.Ed.2d 123, 136 (1974). 5 U.S.C. § 552(a)(3) provides that, in general, government agencies shall make identifiable records available to members of the public on request. Section 552, however, exempts nine types of information from operation of the statute. Specifically, § 552(b)(4) exempts from required disclosure "trade secrets and commercial or financial information obtained from a person and privileged or confidential." There is no contention or evidence that the information contained in plaintiff's Cost Report constitutes trade secrets.

■ Commercial or financial information is "confidential" within the meaning of § 552(b)(4) if disclosure would either (1) impair the Government's ability to obtain necessary information in the future, or (2) cause substantial harm to the competitive position of the person from whom the information was obtained. *National Parks and Conservation Association v. Morton*, 162 U.S.App.D.C. 223, 498 F.2d 765, 770 (1974). *Chrysler Corp. v. Schlesinger, supra*, 412 F.Supp. at 176; *Save the Dolphins v. United States Department of Commerce*, 404

"(c) Upon a request in writing, cost reports submitted by providers of services pursuant to section 1815 of the Act to enable the Secretary to determine amounts due such providers."

F.Supp. 407, 411–12 (N.D.Cal.1975); *Burroughs Corp. v. Schlesinger, supra,* 403 F.Supp. at 637; *McCoy v. Weinberger,* 386 F.Supp. 504, 507 (W.D.Ky.1974); *Sears, Roebuck & Co. v. General Services Administration,* 384 F.Supp. 996, 1005 (D.D.C.1974).

Plaintiff's second contention is that § 422.435 is invalid because it conflicts with 18 U.S.C. § 1905. Section 422.435 requires disclosure of Medicare cost reports. Section 1905 makes it a crime for any employee of the government or any agency of the government to disclose

> ". . . to any extent not authorized by law any information coming to him in the course of his employment or official duties . . . or [any] report or record made to or filed with such department . . . which information concerns or relates to the trade secrets . . operations . . . or . . . confidential statistical data, amount or source of any income, profits, losses or expenditures of any . . . corporation."

As a regulation promulgated by an administrative agency, 20 C.F.R. 422.435 is agency action which must, to be valid, comply with the requirements of the Administrative Procedure Act. The standards by which a reviewing court is to test the validity of an agency regulation are set forth in 5 U.S.C. 706(2)(A). That section provides in pertinent part:

> "To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—
>
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be—
>
> > (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . ."

The question here is whether, given the existence of 18 U.S.C. § 1905, the Secretary abused his discretion in promulgating 20 C.F.R. § 422.435. If disclosure of plaintiff's Cost Report would violate § 1905, "it would be an abuse of discretion for an agency to ignore such a statutory mandate and release the information" pursuant to a regulation. *Charles River Park "A", Inc. v. Department of Housing and Urban Development,* 171 U.S.App.D.C. 286, 519 F.2d 935, 942 (1975).

It is very likely that disclosure of plaintiff's Cost Report would violate § 1905. 18 U.S.C. § 1905, and 5 U.S.C. § 552(b)(4) of the Freedom of Information Act, are equivalent in scope. In *Westinghouse Electric Corp. v. Schlesinger, supra,* the court stated:

> "We group § 1905 and Exemption 4 together because it has been uniformly held that the scope of § 1905 and Exemption 4 of the FOIA are, as stated in *Pharmaceutical Manufacturers Ass'n. v. Weinberger* (D.C.D.1975), 401 F.Supp. 444 at 446, "the same," or, as put in *Ditlow,* 362 F.Supp. at 1324, "co-extensive." Accordingly, material qualifying for exemption under (b)(4) falls within the material, disclosure of which is prohibited under § 1905. And this was the specific holding in *Charles River Park* (519 F.2d 941–2 and n. 7)." 542 F.2d at 1204 n. 38.

*See Parkridge Hospital, Inc. v. Blue Cross and Blue Shield of Tennessee,* 430 F.Supp. 1093 (E.D.Tenn.1977); *Chrysler Corp. v. Schlesinger, supra,* 412 F.Supp. 171, 177 (D.Del.1976).

In addition, the legislative history of recent amendments to the FOIA [7] supports the proposition that 18 U.S.C. § 1905 and 5 U.S.C. § 552(b)(4) refer to the same type of information. In House Report No. 880, it is stated: "[I]f material did not come within the broad trade secrets exemption contained in the Freedom of Information Act, section 1905 would not justify [nondisclosure] . . . ." *U. S. Code Cong. & Admin. News* 1976 pp. 2183, 2205.

---

7. On September 13, 1976, the Freedom of Information Act was amended by the "Government in the Sunshine Act," P.L. 94–409.

■ If the Court concludes upon trial on the merits that disclosure of plaintiff's Cost Report would violate 18 U.S.C. § 1905, it will in all likelihood hold that 20 C.F.R. § 422.435 conflicts with the federal criminal statute and must therefore be set aside as an abuse of agency discretion. *Parkridge Hospital, Inc. v. Blue Cross and Blue Shield of Tennessee, supra,* at 1097. *See Charles River Park "A", Inc. v. Department of Housing and Urban Development, supra,* 519 F.2d at 942. Consequently, I conclude that there is a substantial likelihood that plaintiff will prevail on the merits.

## II. Irreparable Injury

■ The information which is either explicitly stated in or deducible from plaintiff's 1975 Cost Report would, if obtained by a competitor, facilitate personnel raiding, takeover efforts, unfair bargaining practices, selective pricing of patient services, and expansion planning. In short, disclosure of the cost report would adversely affect plaintiff's competitive position. *Parkridge Hospital, Inc. v. Blue Cross and Blue Shield of Tennessee,* 430 F.Supp. at 1096; *McCoy v. Weinberger,* 386 F.Supp. at 507. *See National Parks and Conservation Association v. Kleppe,* 547 F.2d 673, 682–83, 687 (D.C.Cir.1976); *Westinghouse Electric Corp. v. Schlesinger, supra,* 542 F.2d at 1196–97, 1215–16; *Chrysler Corp. v. Schlesinger, supra,* 412 F.Supp. at 176.

I am unable to agree with defendants' argument that, because plaintiff's Cost Report covers its fiscal year ending in December 1975 rather than a later fiscal year, the information it contains would not harm plaintiff's competitive position. The information in plaintiff's 1975 Cost Report would help competitors both to estimate plaintiff's current financial condition, and to determine, through comparison with subsequent cost reports, plaintiff's general rate of growth and specific trends.

Whether or not plaintiff ultimately obtains permanent injunctive relief, no remedy appears for the harm which disclosure would do to plaintiff's competitive position between now and the time trial is completed. A court could not determine with accuracy what persons had obtained the information; but even if it could, there would be no way to expunge the knowledge of that information. Money damages do not appear to be an adequate remedy. The amount of harm that would be done to Westchester General Hospital's competitive position in the relevant market by disclosure of information apparently pertaining to its operations only is probably incommensurable, and therefore incompensable. Since plaintiff could neither be restored to the status quo ante, nor adequately compensated, the injury that it would suffer from disclosure of the cost report would be irreparable.

## III. No Harm to Defendants

Plaintiff has met its burden to demonstrate irreparable injury: plaintiff has shown that disclosure of the 1975 cost report would harm its competitive position. The burden to produce evidence now shifts to defendants. *Jacksonville Maritime Ass'n v. Local 1408-A, Internat'l Longshoremen's Ass'n,* 424 F.Supp. 58, 69 (M.D.Fla.1976); *Schrank v. Bliss,* 412 F.Supp. 28, 42 (M.D. Fla.1976). Defendants have not shown any possible harm, other than inconvenience, that they will suffer by being temporarily enjoined from disclosing plaintiff's cost report. Indeed, it is defendants who will be harmed if an injunction is not issued. 20 C.F.R. § 422.435 requires disclosure of plaintiff's cost report upon request. 18 U.S.C. § 1905 forbids disclosure of plaintiff's cost report. Absent an injunction, defendants are called upon either to violate a regulation having the force and effect of law, or to violate a criminal statute. If they obey one, they will necessarily violate the other. It is clear that the threatened injury to plaintiff outweighs any possible harm to defendants and that issuing a preliminary injunction for plaintiffs will prevent harm to defendants as well.

## IV. No Disservice to the Public Interest

If the public has a statutory right, pursuant to the Freedom of Information Act, to

know the contents of plaintiff's 1975 Medicare Cost Report, there will be time enough following trial on the merits of this case to vindicate that right. On the other hand, the public interest may well be served by preventing the premature disclosure of information that might have anti-competitive effects and lead to criminal liability. Defendants have failed to show any disservice to the public from granting plaintiff a preliminary injunction.

### Recommendation

Plaintiff has satisfied the criteria for issuance of a preliminary injunction. Accordingly, it is recommended that plaintiff's motion for a preliminary injunction be granted.