**PHARMACEUTICAL MANUFACTURERS ASSOCIATION, Plaintiff,**

**v.**

**Caspar WEINBERGER et al., Defendants.**

**Civ. A. No. 75–0725.**

United States District Court,
District of Columbia.

Aug. 1, 1975.

Henry T. Rathbun, C. Boyden Gray, Mary A. McReynolds, Wilmer, Cutler, & Pickering, Washington, D. C., for plaintiff.

Thomas G. Corcoran, Asst. U. S. Atty., Earl J. Silbert, U. S. Atty., Ellen G. Park, Asst. U. S. Atty., for defendants; Thomas Scarlett, Assoc. Chief Counsel for Food and Drug Administration, Stewart M. Pape, Atty., Food and Drug Administration of counsel.

## MEMORANDUM OPINION AND ORDER

SIRICA, District Judge.

This matter comes before the Court on the plaintiff's motion for a preliminary injunction. Both sides have filed extensive memoranda concerning the issues. On June 23, 1975, the Court heard oral argument on the motion and took the matter under advisement.

This action was instituted by the plaintiff, an association of drug companies, on May 7, 1975, when a complaint seeking declaratory and injunctive relief was filed. The motion for a preliminary injunction was filed the same day seeking to prohibit the defendants, the Secretary of the Department of H.E.W. and the Commissioner of Food and Drugs, from applying and enforcing certain regulations published by the Commissioner on December 24, 1974, 39 Fed.Reg. 44601–44652 (December 24, 1974). These regulations concern the disclosure by the Food and Drug Administration (hereinafter F.D.A.) of information supplied to the F.D.A. by persons seeking approval to test and market drug products. Specifically, plaintiff seeks to require the F.D.A. to provide notice to an affected drug company of any proposed release of information pursuant to Freedom of Information Act (hereinafter F.O.I.A.) requests, in order to provide an opportunity for the affected company to consult with the F.D.A. concerning the propriety of the release of said information, and to provide an opportunity for judicial review of the F.D.A.'s decision.

In order to fulfill its important regulatory functions the F.D.A. must receive information from the manufacturers of drug products which is of a very sensitive nature. Some of the information is valuable to the drug manufacturers, and the F.D.A. freely admits that the drug manufacturers do maintain a property interest in certain sensitive information which is supplied to it. 39 Fed.Reg., 44612, ¶ 80. If such information were to be disclosed, a substantial loss could be incurred by the drug company which supplied the information.

The importance of maintaining the confidentiality of such information is reflected in two statutes which prohibit disclosure of certain information by the F.D.A. The Food, Drug and Cosmetic Act itself expressly prohibits revealing to any person outside the Department of H.E.W. or the courts "any information acquired under authority of [the F.D.A.] concerning any method or process which as a trade secret is entitled to protection." 21 U.S.C. § 331(j). Also applicable to the F.D.A.—as well as to all federal agencies—is 18 U.S.C. § 1905 which provides criminal punishment for any government employee who

> publishes, divulges, discloses, or makes known in any manner or to any extent not authorized by law any information coming to him . . . which . . concerns or relates to trade secrets, processes, operations, style of work, or apparatus, or to the identity, confidential statistical data, amount or source of income, profits, losses or expenditures of any person, firm, partnership, corporation or association . . . . . .

However, the F.O.I.A. also applies to the F.D.A. It provides that "each agency . . . on request for identi-

fiable records . . . shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3). Recent amendments to the F.O.I.A. emphasize the necessity for an agency to provide the requested information expeditiously. 5 U.S.C. § 552(a)(6). But the disclosure requirements of the F.O.I.A. do not apply to information that falls within any of its nine exemptions. 5 U.S.C. § 552(b). Two exemptions are relevant to this case. Exemption three, 5 U.S.C. § 552(b)(3), provides that the Act does not apply to information that is "specifically exempted from disclosure by statute." The fourth exemption, 5 U.S.C. § 552(b)(4) exempts "trade secrets and commercial or financial information obtained from a person and privileged or confidential."

It appears that both sides agree that the scope of coverage of the two nondisclosure statutes and the scope of exemption four are, for purposes of this suit, the same. Thus, the scope of exemption three is not at issue in this suit.[1]

The regulations here in controversy were enacted by the F.D.A. to implement the F.O.I.A. by setting up the procedures whereby the public may obtain information from the F.D.A. and whereby the agency can deal with requests for information from the public. In promulgating these regulations the F.D.A. not only interpreted the F.O.I.A. from the standpoint of an agency obligated with implementing the legislation, but also interpreted and construed 21 U.S.C. § 331(j) which directly concerns the realm of its special expertise and administrative experience. In reviewing the merits of the case this is an important consideration.

The plaintiff argues (1) that the notice provision of the new regulations (§ 4.45) does not satisfy due process or the confidentiality requirement of the nondisclosure statutes and exemption four; (2) that § 314.14(f) which provides for the release of safety and effectiveness data in abandoned or withdrawn "N.D.A." files will deprive them of valuable property rights, absent more complete notice; (3) that the F.D.A.'s requirement that an affected drug company must help itemize and index the relevant data if there is a court challenge to the nondisclosure of allegedly confidential data (§ 4.53) is contrary to law; (4) that the F.D.A.'s objective (industry-wide rather than individual practice) definition of confidential commercial or financial information (§ 4.61) is improper; (5) that the waiver provisions regarding previously disclosed information (§ 4.81) is improper; and (6) that the retroactive application of the regulations to information received by the F.D.A. before the regulations became effective violates due process. However, the principal thrust of the motion for a preliminary injunction is that the F.D.A. must provide for some notice to affected drug companies before it releases any material from its files. The temporary relief plaintiff seeks is to this effect.

■ In considering a motion for a preliminary injunction the Court must take into account four major factors: (1) whether the plaintiff is likely to prevail on the merits; (2) whether the plaintiff will suffer irreparable injury if the injunction is not granted; (3) whether the granting of the injunction will substantially harm other parties interested in the proceedings; and (4) whether granting the relief is in the public interest. *Virginia Petroleum Jobbers Association v. F. P. C.*, 104 U.S.App.D.C. 106, 259 F.2d 921 (1958); See *Neal-Cooper Grain Co. v. Kissinger*, 385 F. Supp. 769 (D.D.C.1974).

---

1. It is clear that 18 U.S.C. § 1905 does not come within exemption three. See *Grumman Aircraft Engineering Corp. v. Renegotiation Board*, 138 U.S.App.D.C. 147, 425 F.2d 578, 580 n.5 (1970). The question of whether 21 U.S.C. § 331(j) would come within the ambit of exemption 3 need not be dealt with for, if disclosure of material is prohibited under that statute, the parties agree that the information is also exempt from the F.O.I.A. under exemption four.

The Court first notes that the regulations here disputed do provide for prior notice of the possible release of exempt material, and judicial review of the same:

§ 4.45. In situations where the confidentiality of data or information is uncertain and there is a request for public disclosure, the Food and Drug Administration will consult with the person who has submitted or divulged the data or information or who would be affected by disclosure before determining whether or not such data or information is available for public disclosure.

§ 4.46. Where the Food and Drug Administration consults with a person who will be affected by a proposed disclosure of data or information contained in Food and Drug Administration records pursuant to § 4.45, and rejects the person's request that part or all of the records not be made available for public disclosure, the decision constitutes final agency action that is subject to judicial review pursuant to 5 U.S.C. chapter 7. The person affected will be permitted 5 days after receipt of notification of such decision within which to institute suit in a United States District. Court to enjoin release of the records involved. If suit is brought, the Food and Drug Administration will not disclose the records involved until the matter and all related appeals have been concluded. 39 Fed.Reg. 44646.

However, what plaintiff claims is constitutionally and legally required is that the F.D.A. must notify the drug companies of the proposed release of any and all information which they submitted or which concerns them before it is actually released. Plaintiff argues that the F.D.A. will not always know when the confidentiality of information is uncertain. Two or three incidents are noted in which allegedly confidential, nondisclosable, F.O.I.A.-exempt information was inadvertently released by the F.D.A. pursuant to F.O.I.A. requests. In those cases the affected drug companies were not notified, consulted, or given the opportunity for judicial review before the information was disclosed.

Plaintiff also emphasizes the provision for release of safety and effectiveness data on abandoned or withdrawn N.D.A.s (new drug applications). The presumption of disclosability of such information is overcome only if there are "extraordinary circumstances." Plaintiff argues that without a guaranteed notice of the proposed release of such information drug companies will be unable to show the F.D.A. when "extraordinary circumstances" do exist which the F.D.A. might not otherwise know.

Plaintiff cites *American Sumatra Tobacco Corp. v. S.E.C.*, 68 App.D.C. 77, 93 F.2d 236 (1937) for the proposition that prior notice and judicial review are constitutionally required. Plaintiff quotes the statement that:

[I]t is fundamental that the property rights of the citizen may not be put in jeopardy or destroyed in any proceeding before an administrative board without notice, hearing, and judicial review . . .. When it is remembered that Congress in express words recognized the property right in trade secrets and in information which it is not in the public interest to reveal and prohibited their disclosure, it is difficult to follow an argument based on the theory that the protection of this property right is subject to the unfettered discretion of the Commission . . .. *Id.* at 239.

However, the instant case is completely distinguishable from *American Sumatra*. In that case three corporations objected to the public disclosure of information required to be filed in the applications for registration of securities. After a hearing, the S.E.C. found that the release of the information was in the public interest, and denied the objections. The plaintiffs then appealed to the Court of Appeals arguing that, *inter alia*, disclosure would amount to a revelation of trade secrets in violation of the statute

forbidding such disclosures. The S.E.C. opposed the appeal arguing that the orders it had entered denying the objections were not appealable orders. The issue in *American Sumatra* was: were the orders appealable? The Court of Appeals noted that the S.E.C. *conceded* that the information involved was "trade secret" information. Immediately after noting that fact, the Court made the statement noted above, preceding it with the qualification: *"In such cases . . ."* (Italics added.) In making that statement the court, further, made direct reference to Section 24(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78x(b) which expressly provided that:

> Any person filing any such application, report, or document may make written objection to the public disclosure of information contained therein . . . .

The Court interpreted that statute as requiring a hearing and judicial review if the Commission was disposed to deny a request for nondisclosure.

In the present case the imminent release of concededly trade secret information is not involved. Furthermore, there is no statute here as there was in *American Sumatra* which provides for opportunity to object to disclosure of records submitted to the agency.

The existence of such statutes as the one involved in *American Sumatra* implies that general constitutional principles do not provide for the relief that the plaintiff here seeks, and that legislative action is needed if such procedures are to be assured. When Congress is persuaded that such measures are necessary in light of the disclosure provisions of the F.O.I.A., it has specifically acted to insure that sensitive information is not disclosed under F.O.I.A. requests. See, e. g., Pub.L. 93–366, Title II, § 202, Aug. 5, 1974, 88 Stat. 415; 49 U.S.C. § 1357(d) (1974). Indeed, counsel for the defendants has notified the court that there is presently pending before Congress legislation that would, in certain

cases involving the F.D.A., create a right to prior notice and judicial review comparable to that which the plaintiff seeks to obtain by injunction here. See S. 641, § 112, 94th Cong., 1st Sess. (introduced February 11, 1975).

Recent cases have implied that individuals do not have a right under the F.O.I.A. to block disclosure of information that falls within the exemptions to the F.O.I.A. because those exemptions permit, rather than require, nondisclosure. See *Charles River Park "A", Inc. v. Department of H.U.D.*, 519 F.2d 935 (D.C.Cir.1975); see generally Note, *Developments Under the Freedom of Information Act—1974*, 1975 Duke L.J. 416, 430. See also *Wellford v. Hardin*, 444 F.2d 21 (4th Cir. 1971); *Sears, Roebuck & Co. v. G.S.A.*, 384 F.Supp. 996, 1006 (D.D.C.1974). If there is no right to nondisclosure under the F.O.I.A., the Court does not preceive how there could be a right, under the F.O.I.A., to notice before a decision regarding nondisclosure is made. *The Attorney General's Memorandum on the Public Information Section of the Administrative Procedure Act* (Department of Justice, June 1967) further indicates that there is no absolute right to notice and consultation before the release of information under the F.O.I.A. In discussing the effect of exemption four, the Attorney General noted:

> In view of the statements in both committee reports that the exemption covers material which would customarily not be released to the public by the person from whom the Government obtained it, *there may be instances when agencies will find it appropriate to consult with the person who provided the information before deciding whether the exemption applies. Id.* at 34. (Italics added.)

Furthermore, it appears that the regulations here disputed were properly promulgated, with public notice, opportunity for public comment, etc.[2] Thus,

---

2. See notice of proposed rulemaking in 37 Fed.Reg. 9128 (May 5, 1972); final order at 39 Fed.Reg. 44601 (December 24, 1974).

Interested persons were given an additional 60 days to file comments and a second final order is now being prepared. See Defend-

to the extent that it could be said that the plaintiff is deprived of property rights by operation of the regulations, at least it has been afforded due process by the considered and proper manner in which the regulations have been promulgated.

 Moreover, if the regulations do not provide for the absolute right to notice before the disclosure of F.D.A. information, they do provide for substantial notice and opportunity for judicial review. §§ 4.45, 4.46. Indeed, those provisions can be interpreted as providing for notice and opportunity for judicial review any time the issue of confidentiality reasonably arises under a request for F.O.I.A. information. The regulation provides that the notice provisions will be applied whenever the confidentiality of information is "uncertain." The Commissioner implies that only when the material is "clearly disclosable under law" will notice not be given. 39 Fed. Reg. 44609, ¶ 62 (italics added). But see ¶ 65, *Id.* at 44610. The Court may assume, absent a contrary showing, that those regulations will be generously and liberally interpreted.

The plaintiff here is not seeking to prevent the disclosure of specific information which has been requested under F.O.I.A. provisions. Rather, what it seeks to prevent is some type of speculative future harm—the possibility of accidental disclosure in the future of unidentified confidential information. The threat of harm alleged, then, is not specific or certain, rather it is conjectural and speculative.[3] Nor is it certain that the injury, if it did occur, would be irreparable injury. See *Charles River Park "A", Inc. v. Department of H.U.D.,* supra, 519 F.2d at 935 n. 5; see also 28 U.S.C. §§ 1346(a), 1491. And an injunction *pendente lite* is only proper "where the questions presented by an

application for an interlocutory injunction are grave, and the injury to the moving party will be certain and irreparable, if the application be denied and the final decree be in his favor . . .." *Ohio Oil Co. v. Conway,* 279 U.S. 813, 815, 49 S.Ct. 256, 73 L.Ed. 972 (1929).

 The purpose of granting a preliminary injunction is to protect the plaintiff from irreparable injury by preserving the *status quo pendente lite.* *Green v. Kennedy,* 309 F.Supp. 1127 (D. D.C.1970). The Court finds that such an exercise of its equity power is unnecessary to achieve that result in this case. Furthermore, while noting the substantial gravity of the constitutional issue raised by the plaintiff, the Court is not persuaded that there is a substantial likelihood or probability of success on the merits.

Therefore, it is by the Court this 1st day of August, 1975,

Ordered that the plaintiff's motion for a preliminary injunction be, and the same hereby is, denied.

---

ant's memorandum in opposition, p. 10, filed June 6, 1975.

3. Plaintiff argues that the deprivation of due process constitutes certain injury. Without

rejecting the due process claim, the court notes that this would not be an irreparable injury, even if the assertion were true.