**PHARMACEUTICAL MANUFACTURERS ASSOCIATION, Plaintiff,**

v.

**Caspar WEINBERGER and Alexander Schmidt, Defendants.**

Civ. A. No. 75–725.

United States District Court, District of Columbia.

April 14, 1976.

Henry T. Rathbun, C. Boyden Gray, Mary McReynolds, Wilmer, Cutler & Pickering, Washington, D. C., for plaintiff.

Thomas G. Corcoran, Jr., Asst. U. S. Atty., Washington, D. C., Thomas Scarlett, Associate Chief Counsel for Enforcement, Stuart M. Pape, Asst. Chief Counsel for Enforcement, Food and Drug Administration Dept. of Health, Education, and Welfare, of counsel, for defendants.

## MEMORANDUM AND ORDER

JOHN LEWIS SMITH, Jr., District Judge.

Plaintiff, an association comprised of 115 drug manufacturing companies, challenges certain Food and Drug Administration (FDA) regulations implementing the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Judge John Sirica previously denied plaintiff's Motion for Preliminary Injunction. *Pharmaceutical Manufacturers Ass'n v. Weinberger*, 401 F.Supp. 444 (D.D.C. 1975). The matter is before this Court on Cross Motions for Summary Judgment.

Plaintiff's main contentions on summary judgment are directed at 21 C.F.R. § 4.45 (1975), which provides for pre-disclosure consultation by the FDA only when the confidentiality of FOIA-requested information is "uncertain," rather than in every instance when information is sought. Claiming that the *revised* opinion in *Charles River Park "A", Inc. v. Department of HUD*, 171 U.S.App.D.C. 286, 519 F.2d 935 (1975), vitiates the grounds of the Court's prior decision,[1] plaintiff argues that notice to an affected party—an essential element of judicial review—must precede any disclosure determination. Defendants oppose such a requirement, asserting that pre-disclosure notice is neither constitutionally nor statutorily mandated, that adequate protections are built into the regulations, and that the administrative scheme has functioned well for almost four years.[2]

The *Charles River Park* case announced procedures for reviewing an agency's decision to release allegedly proprietary data.

---

1. The published opinion in *Charles River Park* withdrew the slip opinion's observation (found in footnote 5) that 18 U.S.C. § 1905 created a private right of action. The court held instead that review under the Administrative Procedure Act is available. 519 F.2d at 941 n.6. *Cf. Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) (criminal statute rejected as basis for private cause of action). Judge Sirica cited the slip opinion's view on 18 U.S.C. § 1905 in questioning whether irreparable harm to plaintiff existed. *Pharmaceutical Manufacturers Ass'n v. Weinberger, supra*, 401 F.Supp. at 449. The other proposition for which Judge Sirica cited *Charles River Park*—that, strictly speaking, there is no *right* to block disclosure under the FOIA, 401 F.Supp. at 448—was not affected by modifications in the opinion. *See* 519 F.2d at 941 & n.5; S.Rep. No. 854, 93d Cong., 2d Sess. 6 (1974) (FOIA exemptions permissive and not "to be used . . . to prohibit disclosure of information"); *see also* Dra-chsler, The Freedom of Information Act and the "Right" of Non-disclosure, 28 Ad.L.Rev. 1 (1976).

2. Amendments to the FDA regulations have recently been promulgated in response to other issues raised in this suit. *See* 41 Fed.Reg. 9317 (March 4, 1976). The amendments clarify that a showing of "extraordinary circumstances" may be made to prevent release of certain information in a new drug application file. *Id.* § 314.14(f). They also provide that a company's disclosure of data to clinical investigators or to institutional review committees does not constitute a waiver of confidentiality. *Id.* § 4.81(a)(3).

   Plaintiff has not pressed in this Motion its claims concerning 21 C.F.R. § 4.53 (intervention in court by affected company) and 21 C.F.R. § 4.61(b) (objective, "industry-wide" definition of confidential commercial or financial information).

A three-step process was detailed for the lower court upon remand: determination of whether the material fit within a FOIA exemption; consideration of the prohibitions of 18 U.S.C. § 1905; and (assuming the pertinence of a FOIA exemption and the inapplicability of 18 U.S.C. § 1905) examination of the agency's discretionary decision to release. 519 F.2d at 943.[3] Such judicial review is under the Administrative Procedure Act and appropriate remedies include injunctive relief. 519 F.2d at 939, 941–42 & n.6.

■ This construction of *Charles River Park* is apparently shared by the parties here. Plaintiff, however, believes that the case implies a right to notice whenever an agency is about to disclose information. In other words, plaintiff claims, since judicial review is available, notice should be provided to each party affected by an agency's disclosure determination. The Court rejects this contention for several reasons. First, the *Charles River Park* decision neither considered nor resolved pre-release notice requirements. That issue was not before the court. Upholding the principle of judicial review of administrative action does not infer that an agency must announce all intended disclosure decisions to persons thereby affected or aggrieved. Second, as noted in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), a case strongly relied upon by plaintiff, notice requirements are relative and circumstantial rather than absolute. They are determined by weighing the private rights at stake, the government's interests, the type of proceeding, the manner of notification, the likelihood of eliciting a response, and the practical difficulties of time and cost. 339 U.S. at 313–20, 70 S.Ct. at 656–60, 94 L.Ed. at 872–76.

■ Assuming that plaintiff's members possess valuable property rights in the safety and effectiveness data submitted to the FDA, see 39 Fed.Reg. 44612, ¶ 80; *id.* at 44634, ¶ 252 (1974) (FDA Commissioner's remarks in preamble to regulations), and balancing the interests presented herein, the Court finds that due process is guaranteed under the existing regulations and administrative scheme. Prior notice of release is required in every case where confidentiality is close or "uncertain," and adverse agency rulings are reviewable in court. 21 C.F.R. §§ 4.45–.46.[4] The FDA is well versed in the areas of company trade secrets and confidential information. Having dealt with such matters as drug applications, test reports, and commercial data since the enactment of the Federal Food, Drug and Cosmetic Act of 1938, the agency clearly possesses "special expertise and administrative experience." *Pharmaceutical Manufacturers Ass'n v. Weinberger, supra*, 401 F.Supp. at 446. After "experimenting" with the proposed regulations for over two years, the FDA determined that they had had "a beneficial rather than a detrimental effect . . . [c]ontrary to fears expressed," and that the agency had demonstrated its ability to evaluate disclosure requests carefully and fairly. 39 Fed.Reg. 44602, ¶ 1; *id.* at 44610, ¶ 65 (1974).

Other factors likewise compel the conclusion that the mandates of procedural due process have been met herein. Federal agencies are under extremely stringent time frameworks for responding to FOIA

---

3. Under the present regulations, the FDA has apparently afforded submitting parties more protection than would be required under *Charles River Park*. Information described in 21 C.F.R. §§ 4.61, 4.63 (i. e., trade secrets, confidential commercial date, and medical or personnel files) is absolutely exempt from public disclosure; such information, fitting within the exemptions of 5 U.S.C. §§ 552(b)(4), (6), cannot be released through any discretionary agency determination. *See* 21 C.F.R. §§ 4.82(a), (b)(1)–(2); *id.* § 4.61(c). *Compare Charles River Park, supra*, 519 F.2d at 941–43.

4. *See* 21 C.F.R. §§ 4.61(a)–(b) (definition of trade secret and of confidential commercial or financial information). *Cf.* Attorney General's Memorandum on the Public Information Section of the Administrative Procedure Act, at 34 (1967) ("[T]here may be instances when agencies will find it appropriate to consult with the person who provided . . . information before deciding whether the exemption [under 5 U.S.C. § 552(b)(4)] applies.").

requests for records. 5 U.S.C. § 552(a)(6)(A)(i) (ten days for determination to comply); *id.* § (a)(6)(A)(ii) (twenty days for decision upon appeal); *see* 21 C.F.R. § 4.41(b) (FDA time limitations on FOIA requests). In addition, the FDA apparently has one of the largest FOIA dockets in the government, averaging 1500 to 1800 requests per month. Broad, categorical regulations are therefore imperative. Ad hoc inquiries or item by item consultations would not only be impracticable but also undercut the open disclosure policy of the FOIA and the FDA regulations. *See* 39 Fed.Reg. 44609, ¶¶ 62–63 (1974).[5] The consultation provision in 21 C.F.R. § 4.45 attempts to accommodate reasonably the Act's strict time limitations, the FDA's substantial FOIA responsibilities, and the legitimate interests of plaintiff's members in information they have submitted.

█ A further reason for validation of 21 C.F.R. § 4.45 is the availability of presubmission review of data as well as the possibility of prior notification of the confidential characteristics of information. 21 C.F.R. § 4.44 sets forth detailed procedures for determining in advance the disclosability of data *voluntarily* submitted to the FDA. *See generally* 39 Fed.Reg. 44608–09,

¶¶ 58–59 (1974). As for information statutorily required or already in the possession of the FDA, it is true that notations or even promises of confidentiality do not transcend the disclosure principles of the FOIA. *Petkas v. Staats*, 163 U.S.App.D.C. 327, 501 F.2d 887, 889 (1974). Still, since one of plaintiff's primary concerns is that officials of the FDA will be unable to appreciate the confidential nature or impact of data submitted, the submitting company could clarify in a separate memorandum the importance, uniqueness, proprietary quality, or potential implications of such information.[6] The FDA will not be bound by these representations, but the agency will have additional evidence in hand, if necessary, for ascertaining whether an "uncertain" case of confidentiality exists. For all of the foregoing reasons, the Court concludes that the FDA's notice, judicial review, and presubmission regulations assure plaintiff's members the "process that is due" them in determinations to release data under the FOIA. *See Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484, 494 (1972); *Goss v. Lopez*, 419 U.S. 565, 577–79, 95 S.Ct. 729, 738–39, 42 L.Ed.2d 725, 737–38 (1975).[7]

**5.** Plaintiff has pointed out that other federal agencies in their FOIA procedures either refuse to disclose business information given in confidence or permit substantiation of confidentiality claims by submitting parties. *See, e. g.,* 10 C.F.R. § 2.790(b)(1) (1975), as amended, 40 Fed.Reg. 7893 (1975) (Nuclear Regulatory Commission); 10 C.F.R. § 202.9(a) (Federal Energy Administration); 17 C.F.R. § 200.-80(b)(3)(i) (Securities and Exchange Commission); 47 C.F.R. § 0.457(d) (Federal Communications Commission); 49 C.F.R. § 7.69(b) (Department of Transportation); 16 C.F.R. §§ 1015.17(b)–(c) (Consumer Product Safety Commission, *see* 41 Fed.Reg. 16578–79 (1976)); 40 Fed.Reg. 21994 (1975) (Environmental Protection Agency, proposed 40 C.F.R. § 2.203(e)).

The FDA insists that these policies are discretionary determinations made by agencies without the heavy FOIA caseload that it faces.

**6.** *Cf.* 10 C.F.R. § 2.790(b)(1); 47 C.F.R. § 0.459 (regulations of Nuclear Regulatory Commission and Federal Communications Commission permitting an explanation of documents' confidentiality upon submission). Although a showing of confidentiality would have to be far more

compelling for abandoned, disapproved, or withdrawn new drug applications, the same procedure described in text could be applicable to such data. *See* 21 C.F.R. § 314.14(f), as amended, *supra* note 2; *see also* 39 Fed.Reg. 44637–38, ¶ 269; *id.* at 44632, ¶ 236 (1974) ("extraordinary circumstances" criterion to involve rare, unforeseen events).

**7.** *See also* 21 C.F.R. § 4.40(c) (public log of FOIA requests). It should be noted that Congress has also been confronted with some of the issues presented in this lawsuit. Legislation has been introduced requiring pre-disclosure notice to food manufacturers. *See* S. 641, § 112, 94th Cong., 1st Sess. (1975). More to the point, an FDA official at a recent hearing complained of being forced to fund "industrial espionage" through the agency's FOIA procedures. Senator Eagleton, presiding at the Subcommittee session, suggested that this and other problems arising under the FOIA should be considered in a Committee reappraisal of the Act. *See* Hearings on Appropriations for Fiscal Year 1977 (FDA) Before the Subcomm. on Agriculture and Related Agencies of the Senate

Two other regulations are challenged by plaintiff in this Motion. Some clarification or "relief" has recently been provided by the FDA concerning the waiver provisions of 21 C.F.R. § 4.81. *See* note 2, *supra.* Plaintiff emphasizes, however, that disclosure of safety and effectiveness data to practicing physicians still constitutes a waiver under the regulation. The position of the FDA is stricter than that contained in the Restatement of Torts and seems to be a somewhat rigid approach to a complex, difficult problem. *Compare* Restatement of Torts, § 757, comment b (1939) (contextual analysis required to determine secrecy) *with* 39 Fed.Reg. 44612–13, ¶¶ 80–81 and *id.* at 44618, ¶ 123 (1974); *cf. Kewanee Oil Co. v. Bicron Corp.,* 416 U.S. 470, 474–76, 94 S.Ct. 1879, 1882–84, 40 L.Ed.2d 315, 321–23 (1974). However, accepting the FDA's need for uniform regulations and its representation that it does not intend to ferret out isolated disclosures to medical personnel of previously submitted data, the Court finds 21 C.F.R. § 4.81 to be neither arbitrary and capricious nor an abuse of agency discretion. 5 U.S.C. § 706(2)(A).

21 C.F.R. § 4.25 states that the new regulations apply to all records in the FDA's files. While the regulatory scheme undeniably modifies former FDA disclosure policies, the FOIA itself reversed the policies and practices of many government agencies and likewise had a "retroactive" effect. The Court has previously found the new disclosure regulations to be consistent with the FOIA and with due process rights. Further, reliance upon assurances of confidentiality has not prompted submissions to the FDA; various drug application or reporting statutes require such information. *See, e. g.,* 21 U.S.C. § 355. It would be unrealistic for the agency to apply varying disclosure requirements and regulations, depending on the date on which information was submitted. The Court therefore holds 21 C.F.R. § 4.25 to be a valid and reasonable exercise of the FDA's authority.

Comm. on Appropriations, 94th Cong., 2d Sess., pt. 2, at 717–18 (March 10, 1976) (discussion

### ORDER

Accordingly, upon consideration of the parties' Cross Motions for Summary Judgment, and the memorandum of points and authorities in support thereof and in opposition thereto, oral argument of counsel having been heard, and for the reasons set forth in the accompanying Memorandum, it is by the Court this 14th day of April, 1976

ORDERED that plaintiff's Motion for Summary Judgment be, and the same hereby is, denied; and it is further

ORDERED that defendants' Motion for Summary Judgment be, and the same hereby is, granted.

with Richard A. Merrill, Asst. Gen. Counsel, FDA).