**JUDICIAL WATCH, INC., Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF COMMERCE, Defendant.**

**No. Civ. 95–0133(RCL).**

United States District Court, District of Columbia.

Dec. 22, 1999.

Larry Klayman, Judicial Watch, Inc., Washington, DC, for plaintiff.

Wilma A. Lewis, Mark E. Nagle, Marina Utgoff Braswell, United States Attorney's Office, Washington, DC, for defendant.

## MEMORANDUM OPINION

LAMBERTH, District Judge.

The United States Department of Commerce moves for partial summary judgment with respect to documents withheld under certain exemptions of the Freedom of Information Act ("FOIA"). 5 U.S.C. § 552(b) (1999). Specifically, the Department of Commerce contends that various documents responsive to Judicial Watch's FOIA request for documents relating to the Department's selection of trade mission participants are exempt from disclosure under Exemptions 2, 4, 5 and 6 of the FOIA. Judicial Watch contests these withholdings and urges the Court to conduct *in camera* review to determine whether the exemptions are properly claimed. Upon consideration of the defendant's motion, the memoranda in support of and in opposition thereto, the applicable law, and for the reasons set forth below, the Court GRANTS Defendant's motion with respect to its withholdings under Exemptions 2 and 6. The Court DEFERS ruling on the United States' motion for summary judgment on its Exemption 4 and 5 withholdings, however. The Court orders defendant to submit supplemental affidavits on Exemption 4 withholdings that detail whether any portion of these materials is reasonably segregable. With respect to its Exemption 5 withholdings, the Court orders defendant to submit for *in camera* review all documents withheld pursuant to this exemption.

## I. BACKGROUND

Plaintiff Judicial Watch seeks information concerning the Commerce Department's selection of participants for foreign trade missions. To that end, Judicial Watch commenced this FOIA action seeking "all correspondence, memoranda, lists of names, applications, diskettes, letters, expense logs and receipts, diary logs, facsimile logs, telephone logs, notes and other documents or things that refer or relate in any way" to certain events, persons or corporations believed to be connected with various trade missions.

By the summer of 1995, the Department of Commerce had located almost 30,000 pages of responsive documents, producing some while withholding others under certain FOIA exemptions. In response to the parties' request, the Court conducted an *in camera* review of documents that were withheld under Exemption 5. But before the Court could complete its review, defendant filed its first *Vaughn* index and moved for summary judgment. Plaintiff then asked the Court to stay its consideration of summary judgment pending the completion of its *in camera* review.

Subsequently, the Court issued a Memorandum and Order finding defendant's index to be inadequate and denying summary judgment. *See* Memorandum and Order, No. 95–133 (D.D.C. Aug. 30, 1996). In addition, the Court ordered the Depart-

ment to submit a revised index for the documents retrieved during the initial search. The Court also authorized discovery on the issue of the adequacy of the Department's search.

In April 1996, the DOC submitted a revised *Vaughn* index and a second motion for summary judgment. But discovery on the adequacy of the initial search was beginning to uncover troubling evidence of document removal and destruction by the Commerce Department. Accordingly, at a hearing on August 7, 1996, the Court denied defendant's motion for summary judgment and ordered further discovery on the issue of the Commerce Department's removal and destruction of responsive documents.

The following month, on September 5, 1996, the Court issued a decision granting in part and denying in part the Commerce Department's motion for summary judgment with respect to documents uncovered during the Department's first search. The Court found that 153 of the 306 documents withheld under Exemption 5 were improperly withheld in whole or in part, and ordered their release to Judicial Watch. With respect to the sufficiency of the revised index, however, the Court determined that certain exemptions were properly claimed and granted partial summary judgment to the Department for those withheld documents. *See* Memorandum Opinion, *Judicial Watch v. United States Dep't of Commerce*, No. 95–133 (D.D.C. Sept. 5, 1996). Plaintiff Judicial Watch moved for reconsideration, which the Court granted. Accordingly, the Court agreed to review all of the withheld documents from the initial search *in camera*.

Ongoing discovery concerning the adequacy of the initial search, however, had uncovered more disturbing evidence of misfeasance on the part of the Department of Commerce with respect to plaintiff's FOIA requests. Indeed, the severity of the revelations prompted the Commerce Department to take the unprecedented tactic of moving for entry of judgment against itself. *See Judicial Watch v. United States Dep't of Commerce*, 34 F.Supp.2d 28, 29 (D.D.C.1998). In addition, the Commerce Department proposed a new, rigorously supervised search. *Id.* at 37. Surprisingly, plaintiff Judicial Watch opposed defendant's motion for entry of judgment. The Court denied defendant's motion as providing an insufficient remedy and granted partial summary judgment to Judicial Watch. The Court also ordered the Commerce Department to begin the new search that was proposed in the defendant's motion. In addition, the Court ordered further discovery under the supervision of the Magistrate Judge. *Judicial Watch*, 34 F.Supp.2d at 41–47.

In the same opinion, the Court resolved the outstanding motion for partial summary judgment concerning documents located during the first search. After reviewing those documents *in camera*, the Court ultimately concluded that partial summary judgment was appropriate as to these withholdings and reinstated its September 5, 1996 ruling. *Judicial Watch*, 34 F.Supp.2d at 45–46.

At the same time, however, it was brought to the Court's attention that additional responsive documents had been uncovered in the course of discovery. Accordingly, the Court directed the defendant to file supplemental affidavits and indices on those documents as soon as possible. *See Judicial Watch*, 34 F.Supp.2d at 45 n. 12. The present motion for partial summary judgment concerns the defendant's claims with respect to these documents only.[1]

## II. THE FREEDOM OF INFORMATION ACT

The Freedom of Information Act, 5 U.S.C. § 552, as amended by the Freedom

---

1. The Department of Commerce has completed the new search that this Court ordered in December 1998 and has filed *Vaughn* indices and affidavits concerning responsive documents located in that search. A motion for summary judgment concerning documents from the new search will be forthcoming and will be addressed separately.

of Information Reform Act of 1986, §§ 1801–04 of Pub.L. No. 99–570, 100 Stat. 3207, 3207–48 (1986), provides citizens a statutory right of access to government information. As its basic premise, the Act establishes that government agency records should be accessible to the public. Accordingly, the FOIA instructs government agencies to disclose agency records, unless the requested records fall within one of the Act's nine enumerated exemptions. 5 U.S.C. § 552(b)(1)(9). In this case, the defendant has justified nondisclosure under four of the nine exemptions. The Court will address plaintiff's challenges to defendant's withholdings by exemption group.

In a FOIA action, summary judgment is appropriate when the pleadings, together with the declarations, demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Alyeska Pipeline Serv. Co. v. EPA*, 856 F.2d 309, 313 (D.C.Cir.1988) (mere conflict in affidavits insufficient to preclude summary judgment); *Weisberg v. Department of Justice*, 627 F.2d 365, 368 (D.C.Cir.1980). FOIA matters are reviewed de novo, and the agency bears the burden of justifying nondisclosure. *See* 5 U.S.C. § 552(a)(4)(B); *Department of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 755, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989).

 To sustain their burden of proof, agencies may rely on the declarations of their officials. *Oglesby v. Department of the Army*, 920 F.2d 57, 68 (D.C.Cir.1990). Indeed, courts accord agency declarations a presumption of expertise, *Pharmaceutical Manufacturers Ass'n v. Weinberger*, 411 F.Supp. 576, 578 (D.D.C.1976), provided the affidavits are clear, specific and adequately detailed, and set forth the reasons for nondisclosure in a non-conclusory manner. These declarations must be sub-

mitted in good faith. *See Hayden v. NSA*, 608 F.2d 1381, 1387 (D.C.Cir.1979). Once a court determines that an agency's affidavits are sufficient, the court need not conduct any further inquiry into their veracity. *Id.* Accordingly, to preclude summary judgment, a plaintiff must demonstrate that a claimed exemption has been improperly asserted.

 When an agency declines to produce requested documents, it must demonstrate that the claimed exemption applies. 5 U.S.C. § 552(a)(4)(B). To that end, agencies must submit *Vaughn* indices that adequately describe the withheld information and explain how the particular exemption is relevant. *Founding Church of Scientology v. Bell*, 603 F.2d 945, 946 (D.C.Cir.1979); *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973). Any reasonably segregable portions of requested records must be disclosed once the exempt portions have been redacted, *Oglesby v. United States Dep't of the Army*, 79 F.3d 1172, 1176 (D.C.Cir.1996). In addition, district courts are required to consider segregability issues even when the parties have not specifically raised such claims. *Trans–Pacific Policing Agreement v. United States Customs Serv.*, 177 F.3d 1022, 1027 (D.C.Cir. 1999).

## III. DISCUSSION

### A. Exemption 2

 Exemption 2 exempts from mandatory disclosure records "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). Specifically, it protects agency matters so routine or trivial that they could not be the subject of a genuine and significant public interest. *Department of the Air Force v. Rose*, 425 U.S. 352, 369, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976). Courts have interpreted Exemption 2 to comprise two different categories. The first category covers trivial administrative data, or so-called "Low 2 exemptions," which include file numbers, mail routing stamps, data processing nota-

tions and other administrative markings. *Lesar v. United States Dep't of Justice*, 636 F.2d 472, 485 (D.C.Cir.1980). The second category, "high 2," consists of predominately internal documents the disclosure of which would likely circumvent a legal requirement. *Crooker v. Bureau of Alcohol, Tobacco & Firearms*, 670 F.2d 1051, 1074 (D.C.Cir.1981) (*en banc*). For Exemption 2 to apply, "the material withheld should fall within the terms of the statutory language as a personnel rule or internal practice of the agency." *Founding Church of Scientology v. Smith*, 721 F.2d 828, 830–31 n. 4 (D.C.Cir.1983). Exemption is automatic if the material relates to trivial administrative matters of no genuine public interest. *Id.* By contrast, where withholding frustrates a legitimate public interest, the material must be disclosed unless the government demonstrates that disclosure would risk circumvention of lawful agency regulation. *Id.*

■ Here, the Department withholds government credit card numbers, claiming their exemption as "high 2" information. As noted above, for a document to fall within the scope of "high 2," it must be "predominately internal" and its disclosure must "significantly risk[ ] circumvention of agency regulations or statutes." *Crooker*, 670 F.2d at 1073–74. The Department maintains that disclosure of the credit card numbers would create the realistic possibility of the Department's use restriction by providing public access to the names and card numbers. In short, disclosure of this information would present an opportunity for misuse and fraud. Plaintiff Judicial Watch concedes that credit card numbers may be properly withheld under this exemption. Nevertheless, plaintiff urges this Court to review these records *in camera* to verify that the Department has properly represented its reasons for nondisclosure. Plaintiff does not point to any deficiency in the supplemental index or declarations that suggests these records are anything other than what the Department claims. Moreover, the index ex-

plains how the redactions were made as narrowly as possible and that any reasonably segregable information has been released. Accordingly, the Court finds that no genuine issue of material facts exists to preclude summary judgment for the defendant with respect to its Exemption 2 withholdings.

**B. Exemption 4**

■ Exemption 4 protects from agency disclosure information consisting of "trade secrets and commercial or financial information obtained from a person and or confidential." 5 U.S.C. § 552(b)(4). Whether such information may be withheld under this exemption depends upon whether it was provided to the government voluntarily or under compulsion. If the information was disclosed to the government voluntarily, it will be considered confidential for purpose of Exemption 4 if it is the kind of information "that would customarily not be released to the public by the person from whom it was obtained." *Critical Mass Energy Project v. Nuclear Regulatory Comm'n*, 975 F.2d 871, 879 (D.C.Cir.1992) (*en banc*). Alternatively, if the information was required by the government, it will be considered confidential only if disclosure would likely impair the government's ability to obtain necessary information in the future, or would cause substantial harm to the competitive position of the person from whom the information was obtained. *See id.* at 878–80 (reaffirming test of *National Parks & Conservation Ass'n v. Morton*, 498 F.2d 765, 770 (D.C.Cir.1974), but confining it to cases of compelled disclosure).

■ Defendant invokes Exemption 4 to shield from disclosure confidential commercial information submitted by corporations who wished to be represented on various Commerce Department trade missions. Defendants asserts the various records it withholds under this exemption qualify as confidential under the applicable test set forth by the D.C. Circuit. *Critical Mass*, 975 F.2d at 879; *National Parks*,

498 F.2d at 770. Specifically, defendant contends that disclosure of this information would cause substantial competitive harm to the companies' positions, while in other instances, disclosure would imperil the government's ability to obtain information in the future. The Department of Commerce affidavits state that the information in these records was required to be submitted by companies wishing to participate in trade missions. McFate 5th Suppl. Decl., ¶ 3; McFate 6th Suppl.Decl., ¶¶ 3–4; McFate 7th Suppl.Decl., ¶ 3; McFate 8th Suppl.Decl., ¶¶ 3–4; McFate 10th Suppl. Decl., ¶¶ 3–4; McFate 11th Suppl.Decl., ¶¶ 3–4 ("McFate Suppl.Decls."). In other words, submission of this information was a mandatory prerequisite to selection for and participation in trade missions.

The declarations go on to explain that disclosure of the withheld information, which includes commercial plans, project proposals, bid-related information, and project values would cause substantial competitive harm to the positions of companies submitting the information. *Id.* Specifically, the affidavits indicate that the companies that submitted this information have been consulted concerning disclosure and have stated that disclosure would cause them competitive harm. In other instances, the affidavits explain how disclosure of the information would hamper the government's ability to obtain this information in the future.

Plaintiff does not contest that the withheld information is commercial, only whether the claims of confidentiality have been properly supported. To that end, plaintiff urges the Court to review these materials *in camera*, speculating that much of this information may be publicly available. But plaintiff presents no specific evidence to support its bare assertion that the information is in the public domain.

Similarly, plaintiff challenges the affidavits as not providing information as to how disclosure would cause competitive harm. To the contrary, the Court finds that the affidavits provide sufficient detail of actual competition and likelihood of competitive injury from disclosure to support an Exemption 4 claim. *CNA Fin. Corp. v. Donovan*, 830 F.2d 1132, 1152 (D.C.Cir.1987). For example, in numerous instances, the defendant withholds companies' proprietary strategic marketing information outlining how particular ventures are being developed in Russia, stating that the submitter has indicated that disclosure would permit its competitors to undercut its development efforts. Exh. A to McFate 6th Suppl.Decl. Plaintiff further speculates that some of the information is not current enough to cause competitive harm. Yet plaintiff fails to direct the Court's attention to any particular entry suggesting that this assertion may be correct. In short, plaintiff makes various generalized challenges against these withholdings, none of which arc supported by even the most cursory review of the affidavits.

While the Court finds that the affidavits and index appear to support the withholding of these documents pursuant to Exemption 4, they do not provide sufficient information to permit the Court to conclude that documents withheld in their entirety do not contain any reasonably segregable information.[2] *See Trans–Pacific Policing Agreement*, 177 F.3d at 1027. Accordingly, the Court defers ruling on whether summary judgment is appropriate until the defendant submits supplemental indices detailing whether documents that are withheld in their entirety under Exemption 4 contain any reasonably segregable information.

### C. Exemption 5

 Exemption 5 of the FOIA exempts from mandatory disclosure materi-

---

**2.** Defendant need not submit a revised index for Exemption 4 partial withholdings submitted with the Tenth Supplemental McFate

Declaration, as such indices indicate that all reasonably segregable information has been released.

als consisting of "inter-agency or intra-agency memorandums or letters which would not be available by law to a party ... in litigation with the agency." 5 U.S.C. § 552(b)(5). This exemption has generally been construed to permit the withholding of documents that are privileged in the context of civil discovery. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975). Here, defendant invokes Exemption 5 to shield from disclosure various documents that it contends are covered by attorney-client privilege, attorney work product and deliberative process privilege. But the affidavits submitted by the Commerce Department with respect to these withholdings do not provide sufficient detail for the Court to determine whether the various privileges claimed under Exemption 5 are appropriate or applicable. Accordingly, the Court orders defendant to submit all documents withheld under Exemption 5 for *in camera* review.

### D. Exemption 6

■ Exemption 6 shields information contained in "personnel and medical files and similar files," when disclosure "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6) (1994 & Supp. II 1996). To qualify for this exemption, the information must be contained in personnel, medical or "similar files." 5 U.S.C. § 552(b)(6); see also *United States Dep't of State v. Washington Post Co.*, 456 U.S. 595, 599–603, 102 S.Ct. 1957, 72 L.Ed.2d 358 (1982) (interpreting "similar files" broadly and remarking that protection of an individual's privacy should not turn on the label of the file). Once this threshold requirement is met, all information that applies to a specific individual will be protected under Exemption 6, if disclosure would clearly constitute an unwarranted invasion of privacy. *Id.* Exemption 6 also requires that the relevant privacy interest be balanced against the public's interest in disclosure. *Reporters Comm.*, 489 U.S. at 772, 109 S.Ct. 1468. In this regard, the public interest depends upon

the nature of the requested document and its relation to the public interest in general, not some particularized need of the plaintiff. *Id.*

■ Here, defendant withholds the following information pursuant to this exemption: home addresses and telephone numbers, dates of birth, hair and eye color, heights and weights, allergies, family information, Social Security numbers, Visa and passport data and a performance appraisal that pre-dates plaintiff's FOIA request. Moreover, the indices and affidavits demonstrate that all reasonably segregable information has been disclosed.

Again, Plaintiff does not dispute the withholding of this information under Exemption 6 but urges the Court to review it *in camera* just to verify that the withholdings are proper. The Court declines plaintiff's suggestion, as plaintiff has pointed to absolutely nothing in the affidavits submitted to suggest that they contain information different than that described above, all of which falls squarely within the ambit of this exemption. Plaintiff also disputes the withholding of a performance appraisal on the grounds that it may contain evidence of government corruption related to his FOIA request. Because the appraisal pre-dates the plaintiff's FOIA request, *see* Exh. A, McFate 8th Suppl.Decl., at 37, however, the Court finds that it is highly unlikely that this particular performance appraisal contains evidence of the government's attempts "to thwart plaintiff's FOIA request." Plaintiff's Opposition to Def. Motion for Partial Summary Judgment, April 16, 1999, at 12. Accordingly, as the claimed Exemption 6 withholdings do not present genuine issues of material fact, summary judgment for the defendant is appropriate.

### IV. CONCLUSION

For the reasons set forth above, the Court hereby GRANTS Defendant's Motion for Partial Summary Judgment with respect to its withholdings under FOIA

Exemptions 2 and 6. The Court DEFERS its consideration of Defendant's Motion Partial Summary Judgment concerning its Exemption 4 and 5 withholdings. In addition, the Court orders Defendant to submit supplemental indices detailing whether documents withheld in their entirety pursuant to Exemption 4 materials contain any reasonably segregable information. The Court also orders Defendant submit all documents withheld pursuant to Exemption 5 for *in camera* review.

A separate order shall issue this date.

### ORDER

Upon consideration of Defendant United States Department of Commerce's Motion for Partial Summary Judgment, the memoranda in support of and in opposition thereto, the applicable law, and for the reasons set forth in the memorandum opinion issued this date, it is

ORDERED that Defendant's Motion for Partial Summary Judgment is GRANTED with respect to its withholdings under FOIA Exemptions 2 and 6.

The Court DEFERS its consideration of Defendant's Motion for Partial Summary Judgment concerning its Exemption 4 and 5 withholdings and it is hereby

ORDERED that Defendant shall submit supplemental indices detailing whether the Exemption 4 materials contain segregable information; and it is further

ORDERED that Defendant submit all documents withheld pursuant to Exemption 5 for *in camera* review.

SO ORDERED.