MEMORANDUM AND ORDER
 

 LAMBERTH, District Judge.
 

 This matter comes before the Court on defendant United States Department of Commerce’s (“DOC” or “Commerce Department”) motion for partial summary
 
 *11
 
 judgment with respect to documents withheld under Exemption 5 of the Freedom of Information Act (“FOIA”). 5 U.S.C. § 552(b)(1999). On December 22, 1999, the Court deferred ruling on defendant’s motion regarding its claimed Exemption 5 withholdings and ordered defendant to submit for
 
 in camera
 
 review all documents being withheld pursuant to that exemption, which were subject to the Court’s December 22, 1999 order. Accordingly, having reviewed the documents
 
 in camera,
 
 the Court concludes that defendant’s withhold-ings under Exemption 5 are properly claimed. Accordingly, the Court hereby GRANTS defendant’s motion for summary judgment with respect to these withhold-ings.
 

 I.
 
 BACKGROUND
 

 Plaintiff Judicial Watch seeks information concerning the Commerce Department’s selection of participants for foreign trade missions. To that end, Judicial Watch commenced this FOIA action seeking “all correspondence, memoranda, lists of names, applications, diskettes, letters, expense logs and receipts, diary logs, facsimile logs, telephone logs, notes and other documents or things that refer or relate in any way” to certain events, persons or corporations believed to be connected with various trade missions.
 

 By the summer of 1995, the Department of Commerce had located almost 30,000 pages of responsive documents, producing some while withholding others under certain FOIA exemptions. In response to the parties’ request, the Court conducted an in camera review of documents that were withheld under Exemption 5. But before the Court could complete its review, defendant filed its first
 
 Vaughn
 
 index and moved for summary judgment. Plaintiff then asked the Court to stay its consideration of summary judgment pending the completion of its in camera review.
 

 Subsequently, the Court issued a Memorandum and Order finding defendant’s index to be inadequate and denying summary judgment.
 
 See Judicial Watch v. United States Dep’t of Commerce,
 
 Memorandum and Order, No. 95-133 (D.D.C. Aug. 30, 1996). In addition, the Court ordered the Department to submit a revised index for the documents retrieved during the initial search. The Court also authorized discovery on the issue of the adequacy of the Department’s search.
 

 In April 1996, the DOC submitted a revised Vaughn index and a second motion for summary judgment. But discovery on the adequacy of the initial search was beginning to uncover troubling evidence of document removal and destruction by the Commerce Department. Accordingly, at a healing on August 7, 1996, the Court denied defendant’s motion for summary judgment and ordered further discovery on the issue of the Commerce Department’s removal and destruction of responsive documents.
 

 The following month, on September 5, 1996, the Court issued a decision granting in part and denying in part the Commerce Department’s motion for summary judgment with respect to documents uncovered during the Department’s first search. The Court found that 153 of the 306 documents withheld under Exemption 5 were improperly withheld in whole or in part, and ordered their release to Judicial Watch. With respect to the sufficiency of the revised index, however, the Court determined that certain exemptions were properly claimed and granted partial summary judgment to the Department for those withheld documents.
 
 See
 
 Memorandum Opinion,
 
 Judicial Watch v. United States Dep’t of Commerce,
 
 No. 95-133 (D.D.C. Sept. 5, 1996). Plaintiff Judicial Watch moved for reconsideration, which the Court granted. Accordingly, the Court agreed to review all of the withheld documents from the initial search
 
 in camera.
 

 Ongoing discovery concerning the adequacy of the initial search, however, had uncovered more disturbing evidence of misfeasance on the part of the Department
 
 *12
 
 of Commerce with respect to plaintiffs FOIA requests. Indeed, the severity of the revelations prompted the Commerce Department to take the unprecedented tactic of moving for entry of judgment against itself.
 
 See Judicial Watch v. United States Dep’t of Commerce,
 
 34 F.Supp.2d 28, 29 (D.D.C.1998). In addition, the Commerce Department proposed a new, rigorously supervised search.
 
 Id.
 
 at 37. Surprisingly, plaintiff Judicial Watch opposed defendant’s motion for entry of judgment. The Court denied defendant’s motion as providing an insufficient remedy and granted partial summary judgment to Judicial Watch. The Court also ordered the Commerce Department to begin the new search that was proposed in the defendant’s motion. In addition, the Court ordered further discovery under the supervision of the Magistrate Judge.
 
 Id.
 
 at 41-47.
 

 In the same opinion, the Court resolved the outstanding motion for partial summary judgment concerning documents located during the first search. After reviewing those documents
 
 in camera,
 
 the Court ultimately concluded that partial summary judgment was appropriate as to these withholdings and reinstated its September 5, 1996 ruling.
 
 Id.
 
 at 45-46.
 

 At the same time, however, it was brought to the Court’s attention that additional responsive documents had been uncovered in the course of discovery. Accordingly, the Court directed -the defendant to file supplemental affidavits and indices on those documents.
 
 See id.
 
 at 45 n. 12.
 

 In December 1999, the Court granted defendant summary judgment with respect to its withholdings under Exemptions 2 and 6 of the FOIA. The Court, however, deferred ruling on defendant’s Exemption 4 and 5 withholdings and ordered supplemental indices on the Exemption 4 materials and
 
 in camera
 
 review of the Exemption 5 materials. The present motion for partial summary judgment concerns the defendant’s claims with respect to the Exemption 5 documents only.
 
 [1]
 

 II.
 
 DISCUSSION
 

 A. THE FREEDOM OF INFORMATION ACT
 

 The Freedom of Information Act, 5 U.S.C. § 552, as amended by the Freedom of Information Reform Act of 1986, §§ 1801-04 of Pub.L. No. 99-570, 100 Stat. 3207, 3207-48 (1986), provides citizens a statutory right of access to government information. As its basic premise, the Act establishes that government agency records should be accessible to the public. Accordingly, the FOIA instructs government agencies to disclose agency records, unless the requested records fall within one of the Act’s nine enumerated exemptions. 5 U.S.C. § 552(b)(l)-(9). As noted above, the present motion concerns defendant’s withholdings pursuant to Exemption 5 of the FOIA.
 

 In a FOIA action, summary judgment is appropriate when the pleadings, together with the declarations, demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c);
 
 Anderson v. Liberty Lobby, Inc.,
 
 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986);
 
 Alyeska Pipeline Serv. Co. v. EPA,
 
 856 F.2d 309, 313 (D.C.Cir.1988) (mere conflict in affidavits insufficient to preclude summary judgment);
 
 Weisberg v. United States Dep’t of Justice,
 
 627 F.2d 365, 368 (D.C.Cir.1980).
 
 *13
 
 FOIA matters are reviewed de novo, and the agency bears the burden of justifying nondisclosure. See 5 U.S.C. § 552(a)(4)(B);
 
 United States Dep’t of Justice v. Reporters Comm. for Freedom of the Press,
 
 489 U.S. 749, 755, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989).
 

 To sustain their burden of proof, agencies may rely on the declarations of their officials.
 
 Oglesby v. United States Dep’t of the Army,
 
 920 F.2d 57, 68 (D.C.Cir.1990). Indeed, courts accord agency declarations a presumption of expertise,
 
 Pharmaceutical Mfg. Ass’n v. Weinberger,
 
 411 F.Supp. 576, 578 (D.D.C. 1976), provided the affidavits are clear, specific and adequately detailed, and set forth the reasons for nondisclosure in a non-eonclusory manner. These declarations must be submitted in good faith. See
 
 Hayden v. NSA,
 
 608 F.2d 1381, 1387 (D.C.Cir.1979). Once a court determines that an agency’s affidavits are sufficient, the court need not conduct any further inquiry into their veracity. Id. Accordingly, to preclude summary judgment, a plaintiff must demonstrate that a claimed exemption has been improperly asserted.
 

 When an agency declines to produce requested documents, it must demonstrate that the claimed exemption applies. 5 U.S.C. § 552(a)(4)(B). To that end, agencies must submit Vaughn indices that adequately describe the withheld information and explain how the particular exemption is relevant.
 
 Founding Church of Scientology v. Bell,
 
 603 F.2d 945, 947 (D.C.Cir.1979);
 
 Vaughn v. Rosen,
 
 484 F.2d 820 (D.C.Cir.1973). Any reasonably segregable portions of requested records must be disclosed once the exempt portions have been redacted,
 
 Oglesby v. United States Dep’t of the Army,
 
 79 F.3d 1172, 1176 (D.C.Cir.1996). In addition, district courts are required to consider segregability issues even when the parties have not specifically raised such claims.
 
 Trans-Pacific Policing Agreement v. United States Custom Serv.,
 
 177 F.3d 1022, 1027 (D.C.Cir.1999).
 

 B. EXEMPTION 5
 

 Exemption 5 of the FOIA exempts from mandatory disclosure materials consisting of “inter-agency or intra-agency memorandums or letters which would not be available by law to a party ... in litigation with the agency.” 5 U.S.C. § 552(b)(5). This exemption has generally been construed to permit the withholding of documents that are privileged in the context of civil discovery.
 
 NLRB v. Sears Roebuck & Co.,
 
 421 U.S. 132, 149, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975).
 

 The threshold issue under Exemption 5 is whether the records in question qualify as “inter-agency or intra-agency memorandums.” Defendant properly asserts that records created by the Department of Commerce and circulated internally or externally to outside entities for advice meet this threshold requirement. With respect to the secondary consideration under Exemption 5 — whether such materials would not be “available by law in litigation with the agency,” Defendant invokes Exemption 5 to shield from disclosure various documents that it contends are covered by the deliberative process privilege, the attorney-client privilege and the attorney work product privilege. Because the Court finds that the defendant has properly supported the withholding of these documents under the deliberative process privilege, the Court need not address whether these same documents also qualify for protection under the attorney-client privilege or constitute attorney work product.
 

 1. The Deliberative Process Privilege
 

 The deliberative process privilege is “predicated on the recognition that the quality of administrate decision-making would be seriously undermined if agencies were forced to operate in a fish bowl.”
 
 Dow Jones & Co. v. United States Dep’t of Justice,
 
 917 F.2d 571, 573 (D.C.Cir.1990). The purpose of the privilege is threefold:
 

 
 *14
 
 First, the privilege protects candid discussions within an agency. Second, it prevents public confusion from premature disclosure of agency opinions before the agency established its final policy. Third, it protects the integrity of an agency’s decision; the public should not judge officials based on information they considered prior to their final decisions.
 

 Judicial Watch v. Clinton,
 
 880 F.Supp. 1, 12 (D.D.C.1995).
 

 To prove the applicability of the deliberative process privilege, an agency must show that the information sought is predecisional and deliberative.
 
 Access Reports v. United States Dep’t of Justice,
 
 926 F.2d 1192, 1194 (D.C.Cir. 1991). With respect to demonstrating the predecisional aspect of a document, an agency need not identify a specific final agency decision. Instead, it is sufficient to establish “what deliberative process is involved, and the role played by the documents in issue in the course of that process.”
 
 Coastal States Gas Corp. v. United States Dep’t of Energy,
 
 617 F.2d 854, 868 (D.C.Cir.1980). As for the second aspect of the privilege-that the document contains deliberative information — an agency must show that the document makes recommendations or expresses opinions on matters facing the agency.
 
 Mapother v. United States Dep’t of Justice,
 
 3 F.3d 1533, 1537 (D.C.Cir.1993). Such deliberative documents frequently consist of “advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated.”
 
 NLRB v. Sears, Roebuck & Co.,
 
 421 U.S. at 150, 95 S.Ct. 1504. Accordingly, the exemption covers drafts, recommendations, proposals, suggestions, discussions, and other subjective documents that reflect the consultative process.
 
 Coastal States,
 
 617 F.2d at 866.
 

 Here, defendant asserts that the final decisions to which the deliberative process applies consist of the selection of companies to accompany the Secretary on trade missions, or policy decisions concerning advocacy to be undertaken on behalf of U.S. companies. Having reviewed the documents
 
 in camera,
 
 in conjunction with the submitted affidavits and indices, the Court finds that the defendant’s descriptions of the documents to be accurate and that withholding is therefore proper pursuant to Exemption 5. For example, defendant asserts the. deliberative process privilege to withhold lists or portions of lists of companies being considered for participation in trade missions. Such documents contain notes and comments regarding the proposed companies, such as whether certain companies advocacy positions are consistent with the agency’s position or agenda or the source of the recommendation. More importantly, however, these lists, on their face, clearly demonstrate that they are “predecisional,” not final. For example, the headings, text, as well as notes and marginalia, indicate that the companies are merely under consideration for the trade missions and have not yet been cleared or “vetted” for the mission. In other instances, the lists highlight the reasons weighing for or against inclusion of the company on a trade mission, comments that are clearly within the scope of the privilege.
 

 In addition to the lists of potential candidates for the missions, the Court also finds that defendant has properly withheld memoranda regarding certain companies under consideration for the trade missions. On their face, these documents demonstrate their predecisional and deliberative nature insofar as they address and consider the suitability of certain companies’ advocacy positions for trade missions. In short, they contain precisely the sort of subjective and frank analysis, commentary and recommendations that fall squarely within the protection of the deliberative process privilege. Similarly, defendant asserts the deliberative process privilege to shield from disclosure certain intra-agency proposals concerning the DOC trade missions, including proposed meeting agendas that are replete with outstanding issues and questions to be con
 
 *15
 
 sidered. Disclosure of these documents would result in precisely the type of “fish bowl” effect that the deliberative process privilege is designed to prevent.
 
 See Dow Jones & Co.,
 
 917 F.2d at 573. Finally, the propriety of defendant’s Exemption 5 withholdings is further supported by the ample efforts of defendant to disclose all reasonably segregable information, including in some instances, the release of the majority of substantive information contained in a document.
 

 III.
 
 CONCLUSION
 

 For the reasons stated above, the court HEREBY GRANTS defendant’s motion for summary judgment with respect to its Exemption 5 withholdings claimed for documents that were subject to this Court’s December 22,1999 order.
 

 SO ORDERED.
 

 [1]
 

 . The Department of Commerce has completed the new search that this Court ordered in December 1998 and has filed Vaughn indices and affidavits concerning responsive documents located in that search. A motion for summary judgment concerning documents from the new search will be forthcoming and will be addressed separately. In addition, upon receipt of the supplemental Vaughn in-dices on the Exemption 4 withholdings, the Court will determine whether summary judgment is appropriate regarding those documents.